CLEVELAND POLICE PATROLMEN'S ASSOCIATION, Appellee,

v.

CITY OF CLEVELAND, Appellant.

[Cite as *Cleveland Police Patrolmen's Assn. v. Cleveland* (1994), 99 Ohio App.3d 63.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65968.

Decided Dec. 12, 1994.

*Terry L. Stupica,* for appellee.

*Sharon Sobol Jordan,* Director of Law, *Theodore J. Piechocinski,* Assistant Law Director, for appellant.

HARPER, Judge.

Appellant, the city of Cleveland ("the city"), appeals from the order of the Cuyahoga County Court of Common Pleas which granted appellee's, Cleveland Police Patrolmen's Association ("CPPA"), motion to vacate the arbitration award rendered in favor of the city. For the reasons that follow, we reverse the court of common pleas' judgment and reinstate the arbitrator's decision.

## I

The facts relevant to the instant case are as follows:

On February 1, 1991 a nineteen-year veteran of the city's police department, Officer Joseph James, received a notice of involuntary transfer from the city. Officer James's transfer was effective February 8, 1991.

On February 4, 1991, Officer James requested the reason for the transfer. On February 8, 1991, Officer James complied with the city's transfer assignment.

On February 13, 1991 Officer James through his union filed a grievance arguing that the transfer violated the parties' collective bargaining agreement. The grievance was denied by the city for being untimely. The case went to arbitration.

The arbitrator ruled that appellee's grievance was not arbitrable because it was untimely.

## II

Appellant assigns two errors for our review:

"I. The trial court erred by granting the union's motion to vacate [the] arbitration award where there was no sufficiently established basis for doing so.

"II. The trial court erred by granting the union's motion to vacate the arbitration award [because] the motion to do so was statutorily defective."

 This court is mindful of the fact that our review of an arbitrator's award is limited by law. R.C. 2711.10(D). This limitation on review of an arbitration award applies to all courts, including a court of common pleas that sits as a reviewing court and not as the court of original jurisdiction. Thus, where the arbitrator's award draws its essence from the collective bargaining agreement and the award is not unlawful, arbitrary, or capricious, a reviewing court must affirm the award. *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186, paragraph two of the syllabus.

"An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872, paragraph one of the syllabus.

The review of an arbitration award is, therefore, settled in Ohio. The arbitrator's decision is presumed valid unless the decision fails to draw its essence from the language of the collective bargaining agreement.

"A mere ambiguity in the opinion accompanying an arbitration award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for vacating the award when such award draws its essence from a collective bargaining agreement." *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703, paragraph one of the syllabus.

 A collective bargaining agreement is an agreement arrived at after negotiation of all issues paramount to both parties, which gives no party any added advantage in the making of the contract. It is unlike an insurance contract, which one party writes and gives the other to agree to and sign. For

this reason, any ambiguity found in the contract cannot be resolved against any one particular party, which further makes the arbitrator's interpretation of the contract provision worthy of deference by a reviewing court, unless found to violate the standards as enunciated *supra.*

In the instant case, the arbitrator's decision was based on the provision of the parties' collective bargaining agreement which provides in pertinent part as follows:

"ARTICLE XXII

"GRIEVANCE PROCEDURE

"(44) It is mutually agree [*sic*] that the prompt presentation and settling of [a] grievance is to the benefit of both the City of Cleveland and the members of the bargaining unit. Discipline shall fall under the grievance procedure and shall be based upon internal investigation within the Department of Public Safety.

"(45) The term 'grievance' shall mean any dispute arising out of or connected with the subject matter of this Contract or the interpretation, application or enforcement of any of its terms.

"Step. 1. A grievance must be reduced to writing within seven (7) calendar days after the event or knowledge of the event giving rise to said grievance."

It is uncontroverted that Officer James was notified on February 1, 1991 of his transfer effective February 8, 1991. The word "event" as it relates to the instant case is Officer James's transfer, which he knew was going to happen on February 8, 1991, unless he filed a grievance to stop it. Thus, by the contract he was required to file his grievance seven days from the date he got the notice, which would have been on February 8, 1991. Instead, on February 8, 1991, Officer James requested a clarification or as appellee puts it *a reason for the transfer,* which the parties agreed was not a grievance as contemplated by their agreement. This request for clarification does not toll the date by which appellee should file a grievance pursuant to their collective agreement. While we do not believe that the phrase *"after the event or knowledge of the event"* is a model of clarity, we hold, however, that any ambiguity created by both parties in a collective bargaining agreement should not be prima facie resolved in favor of either party to the agreement. Since it is not so clear whether it is the actual event or the knowledge of the event which would first trigger the seven-day grievance process, the interpretation of the arbitrator chosen by both parties to decide the issue should be given deference on review. The trial court should not substitute its interpretation of the contract provision for that of the arbitrator. *Marra Constructors, Inc. v. Cleveland Metroparks Sys.* (1993), 82 Ohio App.3d 557, 562, 612 N.E.2d 806, 809.

Upon review of the issue by this court, we hold that since the arbitrator's decision (1) is not in conflict with the express terms of the agreement and (2) is not found to be without rational support but is rationally derived from the terms of the agreement, *Ohio Office of Collective Bargaining v. Ohio Civ. Emp. Assn. Local II, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 572 N.E.2d 71, it is valid.

It is our opinion that the court of common pleas exceeded the permissible scope of judicial review when it vacated the arbitrator's decision, so we must reverse that court's judgment and reinstate the arbitrator's award.

Appellant's first assignment of error is well taken and sustained.

### III

Appellant argues in its second assignment that the trial court was without jurisdiction to entertain appellee's motion because appellee did not attach all pertinent documents to its motion, specifically the agreement of the parties, pursuant to R.C. 2711.14(A).

■ The reason for attaching pertinent documents to the complaint is to give the reviewing court sufficient basis to make a rational decision. The pertinent documents as listed in R.C. 2711.14(A) when applicable must, therefore, be in the record before the trial court renders its decision. But since the filing of pertinent papers is a matter of procedure, a party who fails to file all pertinent papers at the time of filing his motion can file them by amendment or by leave of court unless the opposing party is prejudiced by the late filing. See Civ.R. 15; see, also, R.C. 2711.05. This is necessary to conserve judicial economy, and avoid dismissing the complaint and only to have the plaintiff turn around and refile it with the missing documents.

■ In the instant case the record shows that the arbitration award was filed at the time of the motion but the collective bargaining agreement which also included the arbitration agreement was not filed. Appellee argues that the absence of the agreements are not "critical and fatal." We disagree. This court held in *Cleveland Firefighters Local 93 v. Cleveland* (Dec. 12, 1991), Cuyahoga App. No. 59319, unreported, 1991 WL 263713, that compliance with R.C. 2711.14 mandates that a party file the pertinent papers in his motion to vacate an arbitrator's award. It is from the agreement that the reviewing court would determine whether the "award draws its essence from the agreement." Appellee argues that the agreement was presented to the court at the hearing. However, a careful review of the record fails to reveal the presence of the agreement.

We hold that without the pertinent documents the trial court could not determine that the award drew its essence from the agreement and should have affirmed the award.

We also find that appellant's second assignment of error has merit.

The judgment is reversed.

*Judgment reversed.*

PORTER, J., concurs.

SPELLACY, P.J., concurs in judgment only.