OPINION
Plaintiff Willia Nwa appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which dismissed her administrative appeal for failure to comply with the statutory requirements. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR I THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE APPELLEE'S MOTION TO DISMISS BECAUSE THE APPELLANT FULLY COMPLIED WITH THE REQUIREMENTS SET FORTH IN R.C. 2711.14.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION TO MODIFY OR VACATE THE ARBITRATION AWARD: (1) BECAUSE THERE IS A MATERIAL MISCALCULATION IN THE AWARD; (2) BECAUSE THE AWARD CONFLICTS WITH THE EXPRESS TERMS OF THE COLLECTIVE BARGAINING AGREEMENT; (3) BECAUSE THE AWARD IS WITHOUT RATIONAL SUPPORT AND CAN NOT BE RATIONALLY DERIVED FROM THE TERMS OF THE AGREEMENT; AND (4) BECAUSE THE AWARD IS ARBITRARY, CAPRICIOUS AND UNLAWFUL.
The record indicates appellee Canton City School District Board of Education disciplined appellant for five separate acts of misconduct. The superintendent of schools issued a three day suspension for each act, for a total suspension period of fifteen days. Appellant filed a grievance pursuant to the Collective Bargaining Agreement between the parties, and was unsuccessful. Appellant's union appealed the disciplinary order to arbitration, and the arbitrator issued an opinion and award, which reduced the discipline from fifteen days unpaid suspension to six days suspension without pay. Appellant then filed a notice of appeal with the Court of Common Pleas on December 17, 1999. Appellant filed the notice of filing of transcript on January 6 and her brief on January 26, 2000. Thereafter, appellee filed a motion to dismiss, urging appellant had failed to satisfy the statutory prerequisites necessary to vest jurisdiction in the court of common pleas to hear appellant's appeal. The court entered judgment for the Board on alternative grounds dismissing the appeal for failure to comply with procedural requirements, and also finding no basis to vacate or modify the arbitrator's decision. This appeal ensued.
 I
R.C. 2711.14 provides in pertinent part: PAPERS TO BE FILED WITH APPLICATION Any party to a proceeding for an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding shall, at the time the application is filed with the clerk of the court of common pleas, also file the following papers with the clerk:
 (A) The agreement, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of the time within which to make the award;
(B) The award;
 (C) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.
Appellant argues the trial court should not have dismissed her appeal for failure to file the required documents at the time she filed her notice of appeal because appellee was not prejudiced by the delay in filing and the trial court had all the necessary documents when it reviewed the merits of the case. Appellant cites us to Cleveland Police Patrolman's Association v. City of Cleveland (1994), 99 Ohio App.3d 63, as authority for the proposition that a party who fails to file all pertinent papers at the time of filing of his appeal may file them later by amendment or leave of court unless the opposing party is prejudiced. Appellee cites to City of Galion v. AFSCME, Ohio Council 8, AFL-CIO, Local No. 2243 (1995), 71 Ohio St.3d 60, which held the language of R.C. 2711.13, the statute of limitations provision, contains clear, unmistakable, and above all mandatory language which indicates the clear legislative intent. The statute in question here also contains the mandatory words "shall at the time the application is filed." We find the trial court correctly found appellant failed to comply with R.C. 2711.14. The assignment is overruled.
 II
Because we find the trial court correctly dismissed this appeal, we do not reach the merits of the case. Accordingly, assignment of error II is dismissed as moot.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur