DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, MBNA America Bank, N.A., appeals the judgment of the Medina County Court of Common Pleas, which dismissed appellant's application to confirm and enforce an arbitration award with prejudice. This Court reverses.
 I. {¶ 2} On September 30, 2004, appellant filed an application to confirm and enforce an arbitration award. Appellant attached only a copy of the arbitration award to its application. On December 4, 2004, appellee, Carl Berlin,[1] filed an answer and counterclaims. Appellant moved to strike appellee's answer and counterclaims, asserting that the trial court lacked subject matter jurisdiction to consider such a pleading. Appellant argued that appellee was limited by R.C. 2711.13 to filing a motion for an order vacating, modifying or correcting the arbitration award, so that the trial court had no authority to consider appellee's answer and counterclaims. Appellee filed a motion to modify and/or vacate the arbitration award in response. Appellant opposed appellee's motion.
 {¶ 3} Appellant's application to confirm and enforce the arbitration award went before the magistrate for non-oral hearing on January 24, 2005. On May 3, 2005, the magistrate issued her decision, dismissing appellant's application with prejudice on the basis of lack of subject matter jurisdiction. The magistrate found that appellant had failed to file all necessary documents with its application, as required by R.C.2711.14. The magistrate found the statutory requirements to be jurisdictional in nature. The magistrate further dismissed all other pending motions as moot.
 {¶ 4} Appellant timely objected to the magistrate's decision. In the alternative, appellant moved to amend its application, attaching all documents required by R.C. 2711.14. On May 26, 2005, the trial court overruled appellant's objections, adopted the magistrate's decision, and ordered that appellant's application to confirm and enforce the arbitration award be dismissed with prejudice. Appellant timely appealed, setting forth two assignments of error for review. The assignments of error are consolidated for ease of review.
 II. ASSIGNMENT OF ERROR I
"THE MAGISTRATE EXCEEDED HER AUTHORITY IN DISMISSING PLAINTIFF'S APPLICATION TO CONFIRM ARBITRATION AWARD."
 ASSIGNMENT OF ERROR II
"THE MAGISTRATE ERRED IN DISMISSING APPELLANT'S APPLICATION AS APPELLANT'S FAILURE TO ATTACH THE AGREEMENT BETWEEN THE PARTIES WAS ONLY A PROCEDURAL ERROR."
 {¶ 5} Appellant argues that the trial court exceeded its authority by dismissing appellant's application to confirm the arbitration award with prejudice for appellant's failure to file all documents required by R.C.2711.14. This Court agrees.
 {¶ 6} R.C. 2711.09 provides, in relevant part: "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award." R.C. 2711.14 further specifies the additional documents which must be filed with the application for confirmation in order to perfect the application:
"Any party to a proceeding for an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding shall, at the time the application is filed with the clerk of the court of common pleas, also file the following papers with the clerk:
"(A) The agreement, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of the time within which to make the award;
"(B) The award;
"(C) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.
"The judgment entered in such proceeding shall be docketed as if rendered in an action.
"The judgment so entered shall have in all respects the same effect as, and be subject to all laws relating to, a judgment in an action. Such judgment may be enforced as if rendered in an action in the court in which it is entered."
 {¶ 7} The various courts which have addressed the issue of dismissal of an application to confirm an arbitration award have held that strict compliance with the mandates of R.C. 2711.14 is necessary before the trial court may further address the merits of the application. See, e.g., Cleveland Firefighters Local 93 v. Cleveland (Dec. 12, 1991), 8th Dist. No. 59319; Cleveland Police Patrolmen's Assoc. v. Cleveland (Dec. 12, 1994), 8th Dist. No. 65968; Nwa v. Canton City School Dist. Cty. Bd.of Edn. (Feb. 20, 2001), 5th Dist. No. 2000CA00292. Accordingly, where a party fails to file all necessary documents with the application to confirm an arbitration award, dismissal for lack of subject matter jurisdiction is appropriate. See id.
 {¶ 8} In this case, appellant failed to file the document evidencing the parties' agreement to arbitrate the dispute. Further, appellant had not moved to amend the application to append the necessary documents until after the magistrate had ordered dismissal of the application for lack of subject matter jurisdiction. Although appellant appended the necessary documents to its objection/alternative motion to amend, the trial court in its discretion chose only to rule on the objection, affirming the dismissal of the application with prejudice and denying appellant's motion to amend as moot.
 {¶ 9} This Court finds that, while the trial court did not err in dismissing appellant's application to confirm the arbitration award for lack of subject matter jurisdiction, the trial court erred in dismissing the application with prejudice.
 {¶ 10} Civ.R. 12(H)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Civ.R. 41(B) addresses involuntary dismissals. While an adjudication on the merits precludes refiling of the action, a dismissal which operates as a failure otherwise than on the merits is without prejudice, and the action may be refiled. See Customized Solutions, Inc. v. Yurchyk Davis, CPA's,Inc., 7th Dist. No. 03 MA 38, 2003-Ohio-4881, at ¶ 20; DiCorpo v.Kelley, 8th Dist. No. 84609, 2005-Ohio-1863, at ¶ 4; Civ.R. 41(B)(3) and (4). A dismissal for lack of subject matter jurisdiction operates as a failure otherwise than on the merits. Civ.R. 41(B)(4). Accordingly, the trial court erred when it dismissed, with prejudice, appellant's application for lack of subject matter jurisdiction, instead of dismissing the application without prejudice. Appellant's assignments of error are sustained.
 III. {¶ 11} Appellant's assignments of error are sustained. The judgment of the Medina County Court of Common Pleas, which dismissed appellant's application to confirm an arbitration award with prejudice is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, P.J., Whitmore, J., concur.
[1] Mr. Berlin did not file an appellate brief in this appeal.