NCO PORTFOLIO MANAGEMENT, INC., Appellant,

v.

McAFEE, Appellee.

[Cite as *NCO Portfolio Mgt., Inc. v. McAfee,* 164 Ohio App.3d 747, 2005-Ohio-6743.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 05CA0059–M.

Decided Dec. 21, 2005.

Edward Kraus, for appellant.

Thomas J. McAfee, pro se.

BAIRD, Judge.

{¶ 1} Appellant, NCO Portfolio Management, Inc. ("NCO"), appeals from the Medina County Court of Common Pleas, which dismissed its application to confirm an arbitration award. We reverse.

{¶ 2} Thomas J. McAfee signed a credit agreement with NCO that included an arbitration provision. When a dispute arose over an outstanding debt, the dispute was properly submitted to arbitration. The arbitrator awarded $8,887.17 to NCO. Four months later, NCO filed a complaint in the Medina County Court of Common Pleas, seeking to enforce the arbitrator's award and recover a judgment from McAfee. The issue was heard by a magistrate, who dismissed NCO's claim due to its failure to file the accompanying arbitration agreement, as is required by R.C. 2711.14. NCO filed objections with the trial court, which overruled the objections and ordered the claim dismissed pursuant to R.C. 2711.14. NCO timely appealed. We have reorganized the assignments of error to facilitate review.

### Third Assignment of Error

■ The magistrate erred in dismissing appellant's application as appellant's failure to attach the agreement between the parties was only a procedural error.

{¶ 3} NCO alleges that the trial court erred in dismissing its claim, even though NCO failed to comply strictly with R.C. 2711.14, because NCO actually presented the magistrate with a copy of the arbitration agreement at the hearing, and McAfee was not prejudiced by the delay. We agree.

■ {¶ 4} This court reviews a trial court's order confirming or rejecting an arbitration award for errors that occurred as a matter of law. *Lynch v. Halcomb* (1984), 16 Ohio App.3d 223, 223–24, 16 OBR 238, 475 N.E.2d 181. This court may not rule on the substance of the award. *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 174, 18 OBR 225, 480 N.E.2d 456. In the present case, the applicable statute states: "Any party to a proceeding for an order confirming * * * an award made in an arbitration proceeding shall, *at the time the application is filed with the clerk of the court of common pleas,* also file the following papers with the clerk: (A) The agreement * * *." (Emphasis added.) R.C. 2711.14(A). NCO failed to file a copy of the arbitration agreement at the time it filed its application with the clerk of court. The magistrate found that this requirement is jurisdictional in nature, and she noted that an action must be dismissed when the court lacks jurisdiction. Once the magistrate determined that NCO had failed to file the agreement at that time, she ordered NCO's case dismissed.

{¶ 5} We believe, however, that the requirements of R.C. 2711.14 are not jurisdictional, and we find it imprudent to read R.C. 2711.14 so strictly as to render incurable an initial failing. Rather, we prefer a more pragmatic approach:

> The pertinent documents as listed in R.C. 2711.14(A) when applicable must, therefore, be in the record *before the trial court renders its decision.* But since the filing of pertinent papers is a matter of procedure, a party who fails to file all pertinent papers at the time of filing his motion can file them by amendment or by leave of court unless the opposing party is prejudiced by the late filing. * * * This is necessary to conserve judicial economy, and avoid dismissing the complaint and only to have the plaintiff turn around and refile it with the missing documents.

(Emphasis added; citations omitted.) *Cleveland Police Patrolmen's Assn. v. Cleveland* (1994), 99 Ohio App.3d 63, 68, 649 N.E.2d 1291.

{¶ 6} NCO provided a copy of the arbitration agreement at the magistrate's hearing, apparently before the agreement's absence was raised by the magistrate. McAfee did not dispute the arbitrator's authority or the agreement in any way, and he was not prejudiced by the initial failure to file the agreement, because it was available at the hearing. Therefore, we find that strict compliance is unnecessary in this case and that the dismissal was improper. This assignment of error is sustained.

### First Assignment of Error

The magistrate exceeded her authority in dismissing with prejudice appellant's motion to confirm arbitration award. [sic].

### Second Assignment of Error

Magistrate exceeded her authority by reviewing and disregarding the arbitrator's findings of fact.

{¶ 7} NCO alleges that the trial court erred in adopting the magistrate's order. NCO asserts that the magistrate exceeded her authority when she dismissed the claim as if there had been a motion to vacate, even though McAfee had not filed a motion to vacate (i.e., arguing that a motion to vacate is an indispensable prerequisite to dismissing an application for confirmation). NCO also asserts that the magistrate exceeded her authority again when she reviewed the arbitrator's factual determinations. However, in light of our disposition of the prior assignment of error, we decline to address these assignments of error because they have been rendered moot. See App.R. 12(A)(1)(c).

{¶ 8} NCO's third assignment of error is sustained, and the others are not addressed. The decision of the Medina County Court of Common Pleas is

reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

SLABY, P.J., and MOORE, J., concur.