FRATERNAL ORDER OF POLICE, QUEEN CITY LODGE NO. 69, Appellee,

v.

CITY OF CINCINNATI, Appellant.

[Cite as *Fraternal Order of Police, Queen City Lodge No. 69 v. Cincinnati*, 168 Ohio App.3d 537, 2006-Ohio-4598.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050866.

Decided Sept. 8, 2006.

538

Hardin, Lefton, Lazarus & Marks, Stephen S. Lazarus, and Kimberly A. Rutowski, for appellee.

J. Rita McNeil, Cincinnati City Solicitor, and Jonathan J. Downes and Benjamin S. Albrecht, Assistant City Solicitors, for appellant.

HILDEBRANDT, Presiding Judge.

{¶ 1} The city of Cincinnati appeals from the trial court's order vacating part of a conciliator's award that resolved a contract dispute between the city and the Fraternal Order of Police ("FOP"). The FOP was representing two separate bargaining units, nonsupervisors and supervisors.

{¶ 2} The parties began negotiations in the fall of 2004 for collective-bargaining agreements to succeed the ones set to expire on December 18, 2004. These negotiations continued for two months, but the parties were unable to resolve differences on a variety of issues. As a result, the parties pursued the statutory-impasse process as set forth in R.C. 4117.14, including fact-finding and conciliation. Fact-finding is an advisory process that can be rejected by either party.[1] Conciliation is a final and binding arbitration for police unions and other public employees who are statutorily prevented from striking.[2]

{¶ 3} The parties proceeded to a fact-finding hearing in January 2005. The fact-finder issued recommendations that the FOP rejected. The parties then proceeded to a hearing before a conciliator. Prior to this hearing, the parties were statutorily required to submit and exchange "a written report summarizing the unresolved issues," a "final offer as to the issues," and the "rationale" for that final offer.[3] After the hearing, the conciliator was required to adopt the final offer of one of the parties on each issue.

## Conciliator's Award

{¶ 4} The conciliator resolved ten disputed issues. Issue five involved the "shift differential" provision in the labor agreements. The conciliator rejected the FOP's final offer on shift differential for both supervisors and nonsupervisors. Issue six involved the "medical benefits" provision in the labor agreements. The conciliator rejected the FOP's final offer on medical benefits for both supervisors and nonsupervisors.

## FOP's Motion to Vacate in Part

{¶ 5} The FOP moved the court of common pleas for an order vacating the portions of the award regarding the shift differential for nonsupervisors and the medical benefits for both bargaining units. The FOP argued that the city's final

---

1. See R.C. 4117.14(C)(3) through (6).

2. See R.C. 4117.14(D) through (I).

3. R.C. 4117.14(G)(3).

offers on these two issues were defective, precluding the conciliator from adopting them.

{¶ 6} Specifically, the FOP claimed that the city had made a final offer on the shift differential for supervisors, but the city had not made a final offer for nonsupervisors. The FOP noted that the conciliator had recognized this and called the offer incomplete in her decision. After noting that the previous years' CBAs contained identical shift-differential provisions for the separate bargaining units, the conciliator found that the city had intended to make the same offer to supervisors and nonsupervisors. She then adopted this offer for nonsupervisors.

{¶ 7} On the issue of medical insurance for both bargaining units, the FOP claimed that the city had submitted incomplete as well as inappropriate offers. These offers were incomplete because the city had failed to include a critical page of medical benefits. The conciliator acknowledged that the city had left a page out of its final offer and completed the offer by adding a page from the labor agreement of the AFSCME.

{¶ 8} The FOP claimed that the medical-benefits offers were inappropriate because they used the terminology "Bargaining Unit members" instead of the "Sworn members of the Cincinnati Police Department" that the parties had previously agreed to use and had used in the other portions of the CBA. The conciliator recognized this problem with the offer and stated that she did not have the authority to order a change in the language, "but it should be done." She then adopted the city's completed offer with the inappropriate language.

## City's Response to FOP's Motion to Vacate

{¶ 9} The city argued that it had submitted proper final offers. In its view, the offers were not incomplete, just scattered, and the inclusion of the wrong terminology in the medical-benefits offer was just a typographical error. Further, the FOP was aware of the city's positions on all issues, despite the lax way they were presented. Because the conciliator was easily able to piece together the terms of the city's offers for issues five and six, her award in favor of the city complied with the statute. The city also moved to dismiss the motion to vacate on procedural grounds.

{¶ 10} After a hearing, the trial court overruled the city's motion to dismiss and held that the conciliator had exceeded her statutory powers as argued by the FOP. The court then vacated the challenged portions of the award. The city has appealed from this order and raises three assignments of error.

## Review of the Conciliation Award

{¶ 11} A conciliator's final-offer settlement award is subject to the

provisions of R.C. Chapter 2711 governing arbitration awards.[4] A party may file a motion to vacate the award in the court of common pleas,[5] but the authority of the trial court to vacate the conciliator's award is limited.[6] The trial court is precluded from reviewing the actual merits upon which the award was based.[7] The court may not reverse because it disagrees with a finding of fact or with an interpretation of the contract.[8] But the court may vacate the conciliator's award if the conciliator exceeded her powers.[9]

{¶ 12} A party may appeal from a common pleas court's order that vacates a conciliator's award.[10] The review by the court of appeals is limited to whether the trial court erred as a matter of law.[11]

### Assignments of Error

{¶ 13} In its first assignment of error, the city argues that the trial court erred in overruling its motion to dismiss. The city raises two separate issues under this assignment of error.

{¶ 14} First, the city claims that the trial court was precluded from considering the FOP's motion to vacate because the FOP had failed to file the expired collective-bargaining agreements with its application. As authority for this proposition, the city cites R.C. 2711.14, which states that any party applying to vacate an award in an arbitration hearing must file "[t]he *agreement*, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of the time within which to make the award." [12]

---

4. See R.C. 4117.14(G)(8).

5. See R.C. 2711.13.

6. See R.C. 2711.10; *Jefferson Cty. Sheriff v. Ohio Patrolmen's Benevolent Assn.*, 7th Dist. No. 05–JE–36, 2006-Ohio-1055, 2006 WL 556222, at ¶ 20–21.

7. See *Ford Hull–Mar Nursing Home, Inc. v. Marr Knapp Crawfis & Assoc., Inc.* (2000), 138 Ohio App.3d 174, 179, 740 N.E.2d 729.

8. See *Goodyear Tire & Rubber Co. v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 520, 71 O.O.2d 509, 330 N.E.2d 703.

9. See R.C. 2711.10(D).

10. See *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173, 18 OBR 225, 480 N.E.2d 456, citing *Lockhart v. Am. Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 101, 2 OBR 112, 440 N.E.2d 1210.

11. See *Union Twp. Bd. of Trustees v. Fraternal Order of Police, Ohio Valley Lodge No. 112* (2001), 146 Ohio App.3d 456, 459, 766 N.E.2d 1027, citing *McFaul v. UAW Region 2* (1998), 130 Ohio App.3d 111, 115, 719 N.E.2d 632.

12. (Emphasis added.) R.C. 2711.14(A).

{¶ 15} The FOP claims that the "agreement" referred to in R.C. 2711.14 is the agreement to arbitrate and that it complied with this filing requirement by attaching to its motion a copy of R.C. 4117.14, which authorized the conciliation.

{¶ 16} We hold that R.C. 2711.14 requires a party seeking review of an arbitration award to file with the court all the documents essential for the court's limited review of the award. Typically, this requires the moving party to file a copy of the collective-bargaining agreement that authorizes the arbitration and provides the terms that the arbitrator's award must draw its essence from. But in this case, the FOP sought review of a conciliator's award. Conciliation is strictly governed by statute, and the conciliator's authority is outlined in R.C. 4117.14, not in the collective-bargaining agreement. Therefore, by attaching a copy of the authorizing statute, the FOP complied with the filing requirement of R.C. 2711.14.

{¶ 17} In any event, the filing requirements of R.C. 2711.14 are not jurisdictional.[13] But the appropriate documents must be in the record before the court rules on the motion if they are essential to the court's decision.[14] In this case, the city filed with the court the expired collective-bargaining agreements as well as other documents missing from the FOP's submission, thereby eliminating any possible deficiency under R.C. 2711.14.[15]

{¶ 18} Second, the city argues that the motion to vacate should have been dismissed because the FOP had filed only a part of the record that was presented to the conciliator. Because the record was not complete, the trial court was required to presume the regularity of the conciliator's decision and dismiss the application to vacate.

{¶ 19} As we have already noted, any deficiency in the record was corrected by the city. Since the trial court was able to review all the relevant records presented to the conciliator, we hold that the court was not required to presume regularity in the proceedings before the conciliator and dismiss the motion to vacate.

{¶ 20} Accordingly, we overrule the first assignment of error.

{¶ 21} In its second assignment of error, the city argues that the conciliator acted within her authority in piecing together the city's final offers, and,

---

13. See *NCO Portfolio Mgt., Inc. v. McAfee*, 164 Ohio App.3d 747, 2005-Ohio-6743, 843 N.E.2d 1259, at ¶ 5, citing *Cleveland Police Patrolmen's Assn. v. Cleveland* (1994), 99 Ohio App.3d 63, 68, 649 N.E.2d 1291.

14. See Id. at 68–69, 649 N.E.2d 1291.

15. See *NCO*, 164 Ohio App.3d 747, 2005-Ohio-6743, 843 N.E.2d 1259, ¶ 6.

therefore, that the trial court erred in holding that the conciliator had exceeded her authority.

{¶ 22} Both parties agree that the conciliator was required to resolve the dispute between the parties by selecting, on an issue-by-issue basis, one of the party's final settlement offers.[16] When a party has failed to submit a final offer, the conciliator must adopt the offer of the other party. "There is no splitting the baby on specific issues—the arbitrator must choose from one final offer or the other on each issue."[17] We must decide whether the city actually presented a final settlement offer for the issues of nonsupervisor shift differential and of supervisor and nonsupervisor medical benefits.

{¶ 23} Each party is statutorily required to submit a final settlement offer for the disputed issues, but the statute is silent concerning the method or format of the submission.[18] Each party is also required to submit a "written report summarizing the unresolved issues" and the "rationale" for the parties' position on the issues.[19]

{¶ 24} The Ohio Supreme Court of Ohio has defined some of the requirements of a final settlement offer in *Fairborn Professional Fire Fighters' Assn., IAFF Local 1235 v. Fairborn*.[20] In *Fairborn*, the union challenged the conciliator's adoption of a city's proposal that bundled three issues together in one paragraph of its final offer statement. The Supreme Court found no error in a conciliator's adoption of these three issues where each issue was distinctly addressed in the paragraph, and where the paragraph heading clearly noted that the paragraph contained the final offer on each issue.[21] The court noted that the issues the city bundled together were related but were not "inextricably intertwined."[22] Thus, the conciliator did not have to use her judgment in determining the final offer for each issue.

{¶ 25} The *Fairborn* court did vacate a different portion of conciliator's award. In this portion of the award, the conciliator had found against the union on an

---

16. See R.C. 4117.14(G)(7).

17. *Fairborn Professional Fire Fighters' Assn., IAFF Local 1235 v. Fairborn* (2000), 90 Ohio St.3d 170, 172, 736 N.E.2d 5.

18. See R.C. 4117.14(G)(3).

19. Id.

20. 90 Ohio St.3d 170, 736 N.E.2d 5.

21. See id. at 173, 736 N.E.2d 5.

22. Id.

issue, even though the city had never submitted a final settlement offer on the issue. The court held that since the city had offered no proposal on the issue and the union had, the conciliator's only option was to find in favor of the union.[23]

{¶ 26} *Fairborn* expressly states that the substance of a final settlement offer is more important than the form in which it is presented.[24] We interpret these words in the context of the facts of *Fairborn* to mean that a party has complied with the statute if the terms of the offer are clear and comprehensive. The statute does not give the conciliator discretion in determining the final settlement offers of the parties.

{¶ 27} In this case, the conciliator unequivocally stated that she could not find the city's position on the issue of shift differential for nonsupervisors. Although she recognized that her authority was statutorily limited to choosing between final offers, she pieced together several submitted documents and made several inferences to determine the city's position. In doing so, she erroneously relied upon R.C. 4117.14(G)(7), which requires the conciliator to consider specific factors—including past collective-bargaining agreements—in deciding which final offer to accept. The conciliator was not authorized to use R.C. 4117.14(G)(7) to piece together the city's final settlement offer.

{¶ 28} Likewise, the conciliator unequivocally stated that the city's offer for medical benefits was incomplete. Relying again on R.C. 4117.14(G)(7), she assumed that the final page of the AFSCME labor agreement could be used to complete the offer. But in doing so, she violated the statute that required her to choose between two final offers. She also adopted an offer that contained language that the parties had specifically agreed not to use.

{¶ 29} The city claims that the trial court elevated form over substance in vacating the conciliator's award on issues five and six, because the terms of the final settlement offers could be pieced together easily, and because the union was fully aware of the city's positions on all the issues, despite the lax way they had been presented. But the city ignores the conciliator's finding that she could not find a complete, final settlement offer from the city on the issues of nonsupervisory shift differential and of supervisory and nonsupervisory medical benefits. To complete the offers, she had to make some inferences. Thus, the substance of the offers was the problem, not the form, and the conciliator made this finding, not the trial court. Once she had made this finding, she was required to adopt the FOP's offer on these issues. The city could have easily avoided this problem

23. See id. at 173–174, 736 N.E.2d 5.

24. See id. at 173, 736 N.E.2d 5.

by submitting a final settlement offer containing the exact contract language for the new contract period.

{¶ 30} The trial court was correct in holding that the conciliator had exceeded her authority in finding for the city on these disputed issues. Accordingly, the city's assignment of error challenging this holding is without merit and is overruled.

{¶ 31} In its final assignment of error, the city argues that the trial court did not have the authority to vacate only a portion of the conciliator's award. The city asks this court to interpret R.C. 2711.10, the statute authorizing the vacation, as permitting only a vacation of the entire award. We decline to do so for two reasons.

{¶ 32} First, the statute does not state that the entire award must be vacated. Second, the Ohio Supreme Court in *Fairborn* actually ordered a partial vacation of the conciliator's award.[25] Although the *Fairborn* court did not specifically address whether R.C. 2711.10 provided for this remedy, we hold that the court implicitly interpreted the statute to allow for this partial remedy. Thus, the trial court did not err in vacating only a portion of the award. Accordingly, we overrule the third assignment of error.

{¶ 33} The judgment of the trial court is affirmed. We remand the cause to the trial court and instruct the trial court to remand the cause to the conciliator for further proceedings consistent with this decision, including the adoption of the FOP's final settlement offers for nonsupervisory shift differential and medical benefits for both bargaining units.

Judgment affirmed.

HENDON, J., concurs.

Judge RUPERT DOAN participated in this decision but died September 7, 2006.

---

25. See *Fairborn,* 90 Ohio St.3d at 174, 736 N.E.2d 5.