OPINION *Page 2 
{¶ 1} Plaintiff-appellant Midland Funding NCC-2 Corp. (hereinafter "Midland Funding") appeals the May 30, 2007 Entry entered by the Guernsey County Court of Common Pleas, which granted defendant-appellee Linda Johnson's Motion to Dismiss or Amend.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or before March 10, 2006, Appellee opened a credit card account with Midland Funding. The cardholder agreement contained an arbitration provision, which governed any and all disputes between the parties. Pursuant to the cardholder agreement, Midland Funding filed a claim with the National Arbitration Forum. Following an arbitration, the arbiter issued an award in favor of Midland Funding in the amount of $7,758.06. The award was entered on May 9, 2006. Appellee failed to pay Midland Funding the amount awarded through the arbiter.
 {¶ 3} On December 8, 2006, Midland Funding filed a Motion and Application to Confirm and Enforce the Arbitration Award in the Guernsey County Court of Common Pleas. Appellee filed a Motion to Dismiss or Amend, asserting objections to the arbitration award against her. Appellee also requested the trial court dismiss the action because Midland Funding failed to attach the correct arbitration provision of the cardholder agreement to its application as required by Civ. R. 10(d). In response, Midland Funding filed a Supplemental Documentation in Support of its application, attaching the correct arbitration agreement. Midland Funding also filed a Motion to Strike Defendant's Motion to Dismiss or Amend, maintaining Appellee's reliance on the *Page 3 
Civil Rules of Procedure was inappropriate in a matter arising out of an arbitration agreement and a subsequent motion to confirm and enforce an arbitration award. Appellee filed a memorandum in opposition thereto.
 {¶ 4} Via Entry filed May 30, 2007, the trial court dismissed Midland Funding's application based upon its failure to comply with Civ. R. 10(d).
 {¶ 5} It is from this entry Midland Funding appeals, raising the following assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S MOTION AND APPLICATION TO CONFIRM AND ENFORCE THE ARBITRATION AWARD BECAUSE CIV. R. 10(D) IS INAPPLICABLE TO APPELLANT'S MOTION TO CONFIRM AND ENFORCE ARBITRATION AWARD."
 I {¶ 7} In its sole assignment of error, Midland Funding maintains the trial court erred in dismissing its Motion and Application to Confirm and Enforce Arbitration Award. Midland Funding sets forth two grounds in support of its argument. First, Midland Funding asserts the confirmation of an arbitration award is a special statutory proceeding; therefore, exempt from the application of the Ohio Rules of Civil Procedure pursuant to Civ. R. 1(C) (7). Additionally, Midland Funding contends the trial court did not have jurisdiction to consider Appellee's motion to dismiss as she failed to comply with R.C. Chapter 2711, at seq.
 {¶ 8} Civ. R. 1(C)(7) provides: "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings; provided, that where any statute provides for procedure *Page 4 
by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."
 {¶ 9} It is well established under Ohio law arbitration is a "special proceeding" within the meaning of Civ. R. 1, and, as such, arbitrations are exempt from the application of the Rules of Civil Procedure. See, e.g., MBNA Am. Bank, N.A. v. Anthony, Tusc. App. No. 05AP090059,2006-Ohio-2032 at para. 12. As such, we find the trial court improperly granted Appellee's motion to dismiss based upon Midland Funding's failure to comply for Civ. R. 10(d).
 {¶ 10} Midland Funding also argues Appellee should not prevail in this matter as she failed to comply with R.C. Chapter 2711; therefore, the trial court did not have jurisdiction to hear her motion. Appellee counters the trial court properly dismissed Midland Funding's motion to confirm as it failed to meet the requirements of R.C. 2711.14. We agree with Appellee.
 {¶ 11} R.C. 2711.14 provides, in pertinent part:
 {¶ 12} "Any party to a proceeding for an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding shall, at the time the application is filed with the clerk of the court of common pleas, also file the following papers with the clerk:
 {¶ 13} "(A) The agreement, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of the time within which to make the award * * *" (Emphasis added).
 {¶ 14} After Appellee filed her Motion to Dismiss or Amend, in which she asserted Midland Funding had failed to attach the correct arbitration provision of the *Page 5 
cardholder agreement, Midland Funding filed a Notice of Filing of Supplemental Documents in Support of its Motion and Application to Confirm and Enforce Arbitration Award.
 {¶ 15} This Court, in addressing the issue of a trial court's dismissal of an application to confirm an arbitration award, has held strict compliance with the mandates of R.C. 2711.14 is necessary before the trial court may further address the merits of the application.Nwa v. Canton City School Dist. Cty. Bd. of Edn. (Feb. 20, 2001), Stark App. No. 2000CA00292. Other Appellate Districts in this State have held likewise. See, e.g., MBNA Am. Bank, NA v. Berlin, Medina App. No. 05CA0058-M, 2005-Ohio-6318; Cleveland Firefighters Local 93 v.Cleveland (Dec. 12, 1991), 8th Dist. No. 59319; Cleveland PolicePatrolmen's Assoc. v. Cleveland (Dec. 12, 1994), 8th Dist. No. 65968. Because Midland Funding failed to file all necessary documents with the application to confirm, we find the trial court properly dismissed the matter. The subsequent filing did not cure this defect.
 {¶ 16} We recognize in NCO Portfolio Management, Inc. v. McAffee, Medina App. No. 05CA0059-M, 2005-Ohio-6743, the Ninth District reversed and remanded the trial court's dismissal of an application for confirmation of an arbitration award based upon the creditor's failure to strictly comply with R.C. 2711.14(A). The McAffee Court found the requirements of R.C. 2711.14 were not jurisdictional, and found it imprudent to read R.C. 2711.14 so strictly as to render incurable an initial failing. Id. at para. 5. We find McAffee to be factually distinguishable from the instant action. Therein, NCO, the creditor, when filing its initial application for confirmation, failed to file the accompanying arbitration agreement. Id. at para. 2. Before the magistrate heard the *Page 6 
matter and before the magistrate raised the issue of the absence of the agreement, NCO provided the court with the necessary documentation. Id. at para. 6. McAffee, the debtor, did not dispute the arbitrator's authority or the agreement. Id. In contrast, in the instant action, the issue of Midland Funding's failure to attach the appropriate documentation was immediately brought to the trial court's attention by Appellee. Further, Midland Funding never sought leave to amend its application, but simply filed a notice of supplemental filing. Had leave to amend been sought and granted, an argument could be made the amendment relates back to the time of the original application. Such is not the situation in the case sub judice.
 {¶ 17} Based upon the foregoing, Midland Funding's assignment of error is overruled.
 {¶ 18} The judgment of the Guernsey County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Gwin, J. concur
 Edwards, J. concurs separately *Page 7