{¶ 19} I concur with the majority's disposition of appellant's sole assignment of error.
 {¶ 20} As an initial matter, I believe that the majority misstates the law as set forth in MBNA America Bank, N.A. v. Anthony, Tusc. App. No. 05AP090059, 2006-Ohio-2032. The majority in paragraph 9 of its opinion cites such case for the proposition that arbitrations are "special proceedings" within the meaning of Civ. R. 1 and are exempt from the application of the Civil Rules. However, this Court, in such case, more fully held that "Civil Rule 1(C)(7) provides the civil rules are by definition not to apply to procedural matters in special statutory proceedings `to the extent that they would by there nature be clearly inapplicable.'"
 {¶ 21} I concur with the majority's conclusion that the trial court did not err in dismissing appellant's Motion and Application to Conform and Enforce the Arbitration Award. I concur because I conclude that the appellant could have amended its application, but needed to do so in conformance with the Civil Rules. As noted by the court in ClevelandPolice Patrolman's Assoc. v. City of Cleveland (1994),99 Ohio App.3d 63, 649 N.E.2d 1291, "since the filing of pertinent papers [pursuant to R.C. 2711.14(A)] is a matter of procedure, a party who fails to file all pertinent papers at the time of filing his motion can file them by *Page 8 
amendment or leave of court unless the opposing party is prejudiced by late filing. See Civ. R. 15; see, also R.C. 2711.05." Id at 68. In the case sub judice, appellant did neither.
 {¶ 22} For the foregoing reason, I concur with the majority. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1