[Cite as *Mayes v. Univ. of Toledo*, 2016-Ohio-326.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Cynthia Mayes                                          Court of Appeals No. L-15-1031

      Appellant                                     Trial Court No. CI0201402805

v.

University of Toledo                                **DECISION AND JUDGMENT**

      Appellee                                      Decided:  January 29, 2016

* * * * *

C. William Bair and Fan Zhang, for appellant.

Timothy C. McCarthy, for appellee.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} In this accelerated appeal, appellant Cynthia Mayes seeks reversal of a decision by the Lucas County Court of Common Pleas.  The trial court dismissed her application to confirm an arbitration award, finding that she lacked standing.  We affirm the dismissal of the case on other grounds.

## II. Facts and Procedural History

{¶ 2} Appellant is a bargaining unit employee for the University of Toledo. Appellant is represented by the Commercial Workers of America, Local 4319. In August of 2012, the university terminated appellant's employment for breaching confidentiality and releasing student information and exhibiting unprofessional and inappropriate behavior.

{¶ 3} The union filed a grievance with the university on appellant's behalf, arguing that termination was too severe a penalty. The university failed to respond to the grievance within the time set forth in the collective bargaining agreement between the university and union.

{¶ 4} An excerpt from the collective bargaining agreement provides that "[i]f the grievance is not responded to timely, then the union is awarded the grievance."[1] Pursuant to that provision, the union demanded that the university grant the grievance and rehire appellant. When the university refused to do so, the union filed a second grievance, demanding that appellant be rehired with back pay.

{¶ 5} Following a hearing, an arbitrator granted the grievance and a partial remedy. The arbitrator ordered,

[G]rievant shall receive a nineteen (19) day suspension against time already served, with said suspension being entered on her record. The

---

[1] As discussed in greater detail elsewhere, the collective bargaining agreement is not part of the record. The excerpt cited above, setting forth the grievance procedure, comes from the arbitration award, which was attached to the application as exhibit No. 1.

2.

suspension shall be deducted from the "make whole" remedy. The balance of the requested remedy, that the employee be brought back to work and made whole in regards to wages, benefits, seniority, PERS contributions and anything else relevant to Grievant's employment (except for the nineteen (19) days suspension time) is granted.

{¶ 6} Neither the union nor the university challenged, or otherwise pursued, the arbitrator's award. Appellant, however, filed an application in the lower court to confirm the award, pursuant to R.C. 2711.09. In the application, appellant alleged that the university "has yet to comply with terms of the arbitration award." Appellant did not elaborate as to how the university failed to comply. She also does not, however, dispute the university's position that it did, in fact, rehire her and paid some portion of her back pay.

{¶ 7} In response to the application, the university filed a motion to dismiss the case pursuant to Civ.R. 12(B)(1) and (6), arguing that appellant did not have a standing to pursue confirmation of the award because she was not a party to the arbitration proceeding. Appellee objected to the motion, and the issue was fully briefed before the trial court.

{¶ 8} On January 13, 2015, the lower court granted the university's motion and dismissed appellant's application. The judgment entry states that appellant lacked standing under R.C. 2711.09 because she was not a "party to the arbitration."

3.

**{¶ 9}** Appellant filed a notice of appeal on February 11, 2015, alleging one assignment of error.

### III.  Appellant's Assignment of Error

The Trial Court erred in dismissing Ms. Mayes' claim based on a lack of standing.

### IV.  Law and Analysis

**{¶ 10}** Chapter 2711 of the Ohio Revised Code provides an apparatus for confirming, vacating, modifying, and correcting arbitration awards.  Here, appellant seeks confirmation of the award, pursuant to R.C. 2711.09 which provides,

> At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award.  Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. * * *

**{¶ 11}** R.C. 2711.14 is entitled "Papers to be filed with application."  It requires that any party seeking to confirm an arbitration award "shall, at the time the application is filed with the clerk of the court of common pleas, also file the following papers with the clerk:"

4.

(A) The agreement * * *

(B) The award;

(C) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application. * * *

{¶ 12} In this case, there is no dispute that appellant failed to file the arbitration agreement with the application, nor did she file it at a later time. Indeed, it is still not part of the record.

{¶ 13} "Strict compliance with the mandates of R.C. 2711.14 is necessary before the trial court may further address the merits of the application." *Midland Funding NCC-2 Corp. v. Johnson,* 5th Dist. Guernsey No. 07CA29, 2008-Ohio-3900, ¶ 15. In *Midland Funding,* the Fifth Appellate District affirmed the dismissal of an action to confirm an award, even though the arbitration award was eventually filed in the trial court. The court of appeals reasoned, "[appellant] never sought leave to amend its application, but simply filed a notice of supplemental filing. Had leave to amend been sought and granted, an argument could be made the amendment relates back to the time of the original application. Such is not the situation in the case sub judice." *Id.*

{¶ 14} The Ninth Appellate District has endorsed a "more pragmatic approach," finding that the dismissal of an action to confirm was "imprudent" where the arbitration agreement was filed subsequent to the application. *NCO Portfolio Mgt. v. McAfee,* 164 Ohio App.3d 747, 2005-Ohio-6743, 843 N.E.2d 1259 (9th Dist.). The court found that

5.

"strict compliance was unnecessary in this case and that the dismissal of the application was improper."

{¶ 15} Thus, while one district disallowed a later filing and the other allowed it, both courts agree that the items listed in R.C. 2711.14(A) "must, therefore, be in the record *before the trial court renders its decision.*" (Emphasis in original). *McAfee* at ¶ 5, quoting *Cleveland Police Patrolmen's Assn. v. Cleveland,* 99 Ohio App.3d 63, 68, 649 N.E.2d 1291 (8th Dist.1994). Under either approach, appellant's application in this case was properly dismissed because the arbitration agreement was never filed and never before the trial court.

{¶ 16} Based upon appellant's failure to file the arbitration agreement, dismissal of her application will be affirmed. We express no opinion with regard to appellant's standing. Without the collective bargaining agreement between the union and university, which presumably contains the arbitration provision, we cannot say whether appellant was or was not a "party to the arbitration." Our decision is limited to the fact that a statutorily required item is not part of the record. The absence of the arbitration agreement is "critical and fatal" to appellant's case. *Cleveland Police Patrolmen's Assn. v. Cleveland,* 99 Ohio App.3d 63, 68, 649 N.E.2d 1291 (8th Dist.1994) ("Without the pertinent documents the trial court could not determine that the award drew its essence from the agreement and should have affirmed the award.").

6.

**{¶ 17}** For the above reasons, appellant's assignment of error is not well-taken.

We affirm the lower court's dismissal of her application to confirm an arbitration award.

**{¶ 18}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                 _____
                                                                     JUDGE

Stephen A. Yarbrough, J.        

                                             _____
James D. Jensen, P.J.               JUDGE
CONCUR.

                                               _____
                                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.