IN RE B.E. ET AL.; CUYAHOGA COUNTY DEPARTMENT OF CHILDREN & FAMILY SERVICES, APPELLANT, v. EVANS, APPELLEE.

[Cite as *In re B.E.,* 102 Ohio St.3d 388, 2004-Ohio-3361.]

(No. 2003–1580—Submitted March 30, 2004—Decided July 14, 2004.)

─────────────

─────────────

Francis E. Sweeney, Sr., J.

{¶ 1} On April 10, 2000, the Cuyahoga County Department of Children and Family Services ("CCDCFS"), appellant, filed a complaint against Anita Evans, appellee, charging her with abuse and neglect of her five children. On June 20, 2000, all five children were found to be neglected, and one child was found to be abused. As a result, the children were placed in the temporary custody of CCDCFS.

{¶ 2} On January 19, 2001, CCDCFS filed a motion to modify temporary custody to permanent custody. A hearing was held in the juvenile court on May 29, 2002, at which testimony was taken from Katie Williams (Evans's grandmother), a CCDCFS social worker, and Anita Evans. The hearing was tape-recorded, but the court failed to record the entire proceedings. Instead, the transcript of the proceedings ends abruptly during the testimony of Anita Evans. On August 28, 2002, the trial court granted permanent custody of the children to the CCDCFS.

{¶ 3} Evans appealed from that decision to the Eighth District Court of Appeals. Counsel for CCDCFS moved for an order compelling Evans to complete the record pursuant to App.R. 9(C). Evans's counsel filed a brief in opposition. The appellate court granted CCDCFS's motion and ordered Evans to "attempt to comply with App.R. 9(C)." Evans's counsel then filed a document with the court of appeals advising the court that he had tried to comply with App.R. 9(C) but was unable to do so because trial counsel for CCDCFS did not recollect the case. Although the guardian ad litem had some recollection of the proceeding, appellee's counsel stated that the guardian ad litem had not given him a proposed statement of evidence.

{¶ 4} Rather than dismiss the case for failure to file an App.R. 9(C) statement, the court of appeals permitted the appeal to go forward on its merits. The court

found that the juvenile court had failed to comply with Juv.R. 37(A) by not providing a complete transcript of the custody hearing, and reversed and remanded the matter to the juvenile court for a rehearing.

{¶ 5} The cause is before this court upon the acceptance of a discretionary appeal.

{¶ 6} At issue in this case is the interplay between Juv.R. 37(A) and App.R 9(C).

{¶ 7} Juv.R. 37(A) provides:

{¶ 8} "Record of proceedings. The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. * * * The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device."

{¶ 9} App.R. 9(C) provides:

{¶ 10} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."

{¶ 11} Juv.R. 37(A) clearly requires the juvenile court to make a record in cases alleging abuse, neglect, dependency, unruliness, and delinquency. Nevertheless, appellant CCDCFS argues that where a transcript is unavailable, the party appealing the juvenile court's decision must file an App.R. 9(C) statement. See *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. Where no App.R. 9(C) statement is provided, CCDCFS maintains, a reviewing court must presume regularity in the proceedings. See, e.g., *In re Price* (Mar. 25, 2002), Butler App. Nos. CA2001–02–035 and CA2001–04–085, 2002 WL 449455, reversed on other grounds, 100 Ohio St.3d 204, 2003-Ohio-5600, 797 N.E.2d 976. Appellee, however, urges us to affirm the court of appeals' decision and to hold that an App.R. 9(C) statement need not be used to correct the juvenile court's failure to abide by the recording requirements of Juv.R. 37(A).

{¶ 12} Clearly, Juv.R. 37 places primary responsibility upon the juvenile court to record proceedings in these types of cases. Thus, a juvenile court must take whatever steps are necessary to ensure that it records its proceedings. However, in the event that the proceedings are not recorded properly, the question that arises, and is posed in this appeal, is whether an appellant has the obligation to attempt to correct an insufficient record by using one of the options available under App.R. 9 or whether the juvenile court's failure to record the proceedings in and of itself necessitates reversal.

{¶ 13} The court of appeals took the latter approach and held that App.R. 9(C) was not sufficient in this type of case. The court reasoned that it is the court's duty to provide for the recording of the transcript of the proceedings under Juv.R. 37(A) and that App.R. 9(C) "does not absolve the juvenile court's duty, pursuant to Juv.R. 37(A), to provide a record," citing *In re Hart* (Dec. 9, 1999), Cuyahoga App. No. 75326, 1999 WL 1129590. The court concluded by stating: "Although an App.R. 9(C) statement may be appropriate in some cases, in this case, where parental rights are at stake and critical testimony is missing, an App.R. 9(C) statement is insufficient." See, also, *In re Collins* (1998), 127 Ohio App.3d 278, 712 N.E.2d 798; *In re Estep*, Meigs App. No. 01CA2, 2002-Ohio-6141, 2002 WL 31520351; *In re L.D.* (Dec. 13, 2001), Cuyahoga App. No. 78750, 2001 WL 1612114; *In re Dikun* (Nov. 28, 1997), Trumbull App. No. 96–T–5558, 1997 WL 752630.

{¶ 14} Although we agree with the result reached by the court of appeals, we decline to hold that an App.R. 9(C) statement may never be used where a juvenile court fails to comply with Juv.R. 37(A). The procedures outlined in App.R. 9 are designed precisely for this type of situation, where a transcript is unavailable. Therefore, we reject the court of appeals' assertion that App.R. 9 is insufficient in a case where parental rights are at stake and critical testimony is missing. In fact, the nature of the underlying case is immaterial, as we have allowed criminal defendants to use App.R. 9(C) to supplement the record even in aggravated murder cases, in which the court was also obligated to record the proceedings, under Crim.R. 22. See, e.g., *State v. Brewer* (1990), 48 Ohio St.3d 50, 60–61, 549 N.E.2d 491.

{¶ 15} We find that our decisions interpreting the interplay between Crim.R. 22 and App.R. 9 are relevant to resolution of this appeal. Similar to the recording requirement in Juv.R. 37(A), Crim.R. 22 requires a criminal court to record proceedings in all "serious offense cases." In these cases, despite the recording requirement, we held that the appellant waived any error by failing to invoke the procedures of App.R. 9(C) or 9(E) and making no attempt to reconstruct the missing portions of the record. E.g., id.; *State v. Keenan* (1998), 81 Ohio St.3d 133, 139, 689 N.E.2d 929. Thus, we recognized that although it is the court's responsibility in the first place to record the proceedings, the appellant, if possible, should attempt to use one of the procedures outlined in App.R. 9 to supplement the record for appeal purposes.

{¶ 16} In this case, appellee's counsel stated in a document filed in the court of appeals that he had attempted to comply with App.R. 9(C) but could not do so because neither trial counsel recollected the missing testimony; thus, appellee alleged that she was unable to reconstruct the record. Under the facts of this case, we are unwilling to presume the validity of the juvenile court's proceedings

in the absence of an App.R. 9(C) statement, as appellant urges us to do. In this situation, where it is alleged that the missing testimony cannot be recreated, we believe that justice dictates that the matter be remanded for a rehearing. Otherwise, we would be penalizing an appellant for the court's inability to comply with an established court rule in the first place. Therefore, we hold that when a juvenile court fails to comply with the recording requirements of Juv.R. 37(A) and an appellant attempts but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be remanded to the juvenile court for a rehearing.

{¶ 17} In reaching this holding, we admonish juvenile courts to take seriously their obligation to ensure that these types of proceedings are recorded properly. Far too often, we see incomplete records, frequently caused by malfunctioning audio-recording devices. Obviously, it is in the court's best interest to properly record its proceedings the first time around, preferably through the use of a court stenographer. As we cautioned the court and bar in the context of Crim.R. 22: "The minimal effort needed to comply with Crim.R. 22 is far outweighed by the expense, in time and taxpayer money, of retrying a complex criminal case." *State v. Brewer*, 48 Ohio St.3d at 61, 549 N.E.2d 491. The same holds true in juvenile court proceedings.

{¶ 18} Accordingly, we affirm the court of appeals and remand the cause to juvenile court.

Judgment affirmed
and cause remanded.

RESNICK, PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

MOYER, C.J., and O'CONNOR, J., dissent.

---

MOYER, C.J., dissenting.

{¶ 19} Although I agree with the majority that App.R. 9(C) applies where, as here, parental rights are at stake, I disagree with the majority's conclusion that Evans made reasonable efforts to submit an App.R. 9(C) statement. As the majority correctly observes, the court of appeals—despite thereafter concluding that App.R. 9(C) does not apply "where parental rights are at stake"—ordered Evans to "attempt to comply with App.R. 9(C)." In response to that order, Evans's counsel merely asserted that "an App.R. 9(C) record does not appear to be available." In view of our well-settled law in this area, I believe that such an assertion alone is insufficient to warrant a new trial.

{¶ 20} Our cases have consistently held that an appellant—the mother at the court of appeals in the instant case—must satisfy two requirements before a

reviewing court will grant a new trial because of an incomplete transcript. First, the appellant must "point out a specific instance where effective review is precluded by incompleteness of the transcript." *State v. DePew* (1988), 38 Ohio St.3d 275, 279, 528 N.E.2d 542. Evans, however, has failed to allege any specific instance of prejudice whatever; rather, her counsel made a general averment (if even that) suggesting that the missing information *could* be a basis for reversal. We rejected this precise argument in *DePew*, 38 Ohio St.3d at 279, 528 N.E.2d 542—a death-penalty case, no less—where we concluded that an appeal predicated on an incomplete transcript must fail when the appellant "makes only general averments that the missing information 'could be vital' to his arguments." See, also, *State v. Palmer* (1997), 80 Ohio St.3d 543, 555, 687 N.E.2d 685 ("general averments do not act as a substitute for an actual showing of prejudice").

{¶ 21} Second, an appellant must exhaust "all reasonable solutions to th[e] problem [of a missing transcript]" before a reviewing court will grant a new trial. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 200, 15 O.O.3d 218, 400 N.E.2d 384. Lest there be doubt that Evans did not exhaust all reasonable solutions in the instant case, App.R. 9(C) specifically contemplates one solution that was not exhausted: the preparation of "a statement of the evidence or proceedings from * * * *appellant's recollection*." (Emphasis added.) Indeed, there is no evidence that counsel even attempted to contact Evans in an effort to prepare a statement based on her recollection. To be sure, counsel contacted the children's guardian ad litem, but the response of the guardian only further undermines Evans's argument; that is, the guardian ad litem informed counsel that "he did recollect the case." Nevertheless, counsel apparently did not prepare a statement of the evidence based on the guardian's recollection merely because he had not yet "received any proposed 'record of proceeding' from [the guardian]."

{¶ 22} In view of the foregoing, I believe that Evans failed to satisfy both requirements—to allege a specific instance of prejudice and to make reasonable efforts to supply an App. R. 9(C) statement—necessary to warrant a new trial because of an incomplete transcript. To order a new trial based on the mere assertion that an App.R. 9(C) statement "does not appear to be available" frustrates the well-established rule that the appellant bears the burden to provide a transcript. *Knapp*, 61 Ohio St.2d at 199, 15 O.O.3d 218, 400 N.E.2d 384.

{¶ 23} For the foregoing reasons, I would reverse the judgment of the court of appeals.

O'Connor, J., concurs in the foregoing dissenting opinion.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, for appellant.

Anthony A. Gedos, for appellee.