**The STATE of Ohio, Plaintiff,**

v.

**MOCK, Defendant.**

2005-Ohio-7142.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2005 CR 400.

Decided Sept. 26, 2005.

22

Donald White, Clermont County Prosecuting Attorney, and David H. Hoffman, Assistant Prosecuting Attorney, for plaintiff.

Jeffrey A. Burd, for defendant.

ROBERT P. RINGLAND, Judge.

{¶ 1} This matter came before the court on the motion of the defendant to remand to the juvenile division filed on May 26, 2005. The state filed a

memorandum opposing the motion on June 8, 2005. The court has taken the matter under advisement and hereby renders the following decision.

## Facts

{¶ 2} The defendant stands charged of theft and burglary stemming from actions occurring on January 3, 2005, at which time he was 17 years old. The state originally brought the case as a delinquency proceeding in the Juvenile Division of the Clermont County Court of Common Pleas. There, a probable cause hearing was held, and at a later proceeding, the juvenile division determined that the defendant was not amenable to the juvenile justice system. In a written bind-over entry filed on April 28, 2005, the juvenile division stated its reasoning for binding over the defendant to the general division. In that entry, the court stated that it had earlier determined that the defendant was 17 years of age at the time of the alleged offense and that there was probable cause to believe that the child had committed an act that would be the crime of aggravated burglary if committed by an adult. However, there is no record of the proceeding in which the juvenile division made this probable cause determination because of a failure of the court's recording system during that portion of the proceedings.

{¶ 3} The defendant now moves that this case be remanded to the juvenile division so that another probable cause hearing can be held and properly recorded pursuant to Juv.R. 37(A).

## Analysis

{¶ 4} Juv.R. 37(A) provides:

The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.

It appears that the juvenile division violated this rule by failing to record the probable cause hearing in this case. Defendant points to *In re B.E.* (2004), 102 Ohio St.3d 388, 2004-Ohio-3361, 811 N.E.2d 76, wherein it was held that "when a juvenile court fails to comply with the recording requirements of Juv.R. 37(A) and an appellant attempts but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be remanded to the juvenile court for a rehearing." Thus, the holding of *In re B.E.* applies to cases under appeal and not to cases at the trial court level. There is no requirement that this court be provided with a transcript of the probable cause hearing as there is at the appellate level under App.R. 9(C). While it appears that this case will apply to require a remand at the appellate level, defendant has pointed to no authority,

and the court is aware of none, that directs this court to remand to the juvenile division in such a case.

{¶ 5} Nor does the court find that it lacks subject-matter jurisdiction to hear this case. Juvenile courts have exclusive initial subject-matter jurisdiction over any case involving a person alleged to be delinquent for having committed, when younger than 18 years of age, an act that would constitute a felony if committed by an adult. R.C. 2151.23; *State v. Wilson* (1995), 73 Ohio St.3d 40, 43, 652 N.E.2d 196. Before such an individual may be tried as an adult in common pleas court, the juvenile court must comply with the provisions of R.C. 2152.12 pursuant to procedures established by Juv.R. 30. The court is satisfied that the juvenile division complied with R.C. 2152.12 and Juv.R. 30. In its entry, the juvenile division specifically stated that it found probable cause and that the defendant was 17 years of age at the time of the conduct charged. The juvenile division went on to explain the factors it considered in making its determination that the defendant was not amenable to care or rehabilitation in the juvenile system.

{¶ 6} Whether the juvenile division was correct in its probable cause determination is not an issue for this court's consideration. An appeal of that determination can be made to the court of appeals following a final disposition of this matter by this court.

## Conclusion

{¶ 7} The court, being satisfied that it has subject-matter jurisdiction over the instant case and that the juvenile division complied in all essential respects with R.C. 2152.12, hereby denies the defendant's motion to remand.

Motion denied.