JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants James and Nancy Schiffman appeal from the trial court order that denied their motion to vacate an arbitration award rendered in favor of defendants-appellees Merrill, Lynch, Pierce, Fenner Smith, Inc. ("Merrill Lynch") and its employee, Vincenzo Costanzo on appellants' claims, and, further, confirmed that award.
 {¶ 2} Appellants assert the trial court's order is improper, arguing the award should have been vacated for misconduct on the part of the arbitration panel. Appellants contend the panel's decision to limit the evidence they were permitted to present prevented them from obtaining a fair hearing on their claims.
 {¶ 3} After a review of the record, this court cannot agree. Consequently, the trial court's order is affirmed.
 {¶ 4} The record reflects appellants sent a letter in September 2002 to the Director of the National Association of Securities Dealers ("NASD") seeking arbitration of a claim against appellees. Appellants asserted that they were customers of appellees between late 2000 and the spring of 2002, and that during that time appellees violated certain industry rules of conduct regarding the handling of their brokerage account.
 {¶ 5} Specifically, appellants presented claims of fraud, negligence, breach of contract, and breach of fiduciary duty against appellees for their alleged failure to provide "full, fair and accurate disclosure of the risks involved in owning" the particular stocks in which appellants had invested. Appellants alleged that Merrill Lynch research analysts created inaccurate risk information about stocks based upon the company's undisclosed relationship with the investment banking business, and that the inaccurate information was provided to customers such as themselves, which led to their investment losses. Appellants alleged that, due to Merrill Lynch research analysts' wrongdoing, they "were never advised to sell their securities," in spite of the fact that appellees knew those securities were "over priced and extraordinarily speculative."
 {¶ 6} Appellees filed an answer to the letter. They provided a counter-statement of facts, including assertions that appellants purchased the particular stocks at issue prior to becoming appellees' customers, that appellants refused to follow appellees' investment advice, and that only after those securities significantly had decreased in value did appellants permit appellees to implement changes in their investment portfolio.
 {¶ 7} When the matter was set for a hearing before an arbitration panel, appellants submitted a brief in which they listed eighteen people they intended to call as witnesses; many of them were either research analysts or corporate executives of Merrill Lynch. The hearing commenced in May 2004.
 {¶ 8} According to the record, the transcript of the first portion of the hearing is "unavailable." The hearing then was continued for several months, and eventually the panel scheduled the next portion of the hearing for November 22, 2004.
 {¶ 9} On November 16, 2004 appellants notified the panel that appellees "refused" to "produce" certain witnesses on appellants' list. Appellants asserted these witnesses were "crucial" to their claim of "research analyst fraud," therefore, they demanded the panel order appellees to "produce" the named individuals.
 {¶ 10} Appellees responded to appellants' demand the following day by filing with the panel a motion in limine. Appellees argued therein that appellants should not be permitted to introduce evidence relating to "investigations and inquiries of the New York Attorney General, the SEC and the NASD and the respective settlement agreements resulting from those investigations and inquiries" mainly because the foregoing matters related to none of the three stocks which formed the basis of appellants' claims. Appellees further argued that in addition to being irrelevant, the evidence was inadmissible in any other proceeding, and production of some of the witnesses would be unduly burdensome and/or impossible.
 {¶ 11} On November 18, 2004 the panel issued its decision by denying appellants' demand and granting appellees' motion in limine. The remainder of the hearing proceeded on November 23, 2004. Appellants presented the testimony of Mr. Schiffman and of their expert.
 {¶ 12} In pertinent part, Mr. Schiffman admitted he purchased the three stocks at issue, viz., EMC, Network Appliance, and Siebel Systems, all of which were technology stocks, while he was a customer of another brokerage company. He further admitted he purchased them on an unsolicited basis, not because he had requested any advice from anyone, but because he had read an article written by a Merrill Lynch researcher in "Fortune Magazine." Since Mr. Schiffman's investment style was to purchase stocks in companies with quick growth of capital, the article appealed to him.
 {¶ 13} Throughout Mr. Schiffman's testimony, it became clear that although he spoke with Costanzo and Costanzo developed an investment strategy, the strategy differed from the one with which Mr. Schiffman previously had been successful. Schiffman, therefore, did not take Costanzo's advice to diversify and to reduce reliance upon "tech" stocks. Rather, he told Costanzo that he did not want to shift from "tech" stocks until his portfolio, which was worth approximately $1.6 million, grew to $2 million.
 {¶ 14} That goal never materialized. As a matter of fact, Schiffman resisted until the spring of 2002, by which time the three "tech" stocks at issue, and, as a result, appellants' investment portfolio, greatly had reduced in value. Schiffman at that time agreed diversification would be wise, but then transferred his account from Merrill Lynch; the record indicates the Schiffmans had never actually executed documents which gave Costanzo the authority to alter their stock portfolio.
 {¶ 15} Appellee Costanzo, who testified in defense of appellants' claims, corroborated Schiffman's testimony. Subsequently, the arbitration panel issued its decision which awarded judgment on appellants' claims to appellees.
 {¶ 16} Appellants thereafter filed in the Cuyahoga County Court of Common Pleas a motion to vacate the award pursuant to R.C. 2711.10(C), asserting that the panel's ruling on appellees' motion in limine prejudiced their right to a full and fair hearing on their claims. Appellees countered by filing a motion to confirm the award.
 {¶ 17} The trial court considered the record in conjunction with the parties' briefs, then issued a judgment in which it denied appellants' motion to vacate and confirmed the award.
 {¶ 18} Appellants now appeal to this court and present the following assignment of error:
 {¶ 19} "I. The lower court erred in failing to vacate the award of NASD arbitrators whose refusal to hear pertinent, material and non-cumulative evidence deprived plaintiffs-appellants of a fundamentally fair hearing."
 {¶ 20} Relying upon R.C. 2711.10(C), appellants argue the trial court erred in confirming the arbitration award in appellees' favor. Appellants claim that the panel's decision to exclude evidence of Merrill Lynch's improper market research analysis prevented them from having a full and fair hearing on their claim of fraud. Their argument is unpersuasive in light of the record.
 {¶ 21} R.C. 2711.10(C) permits a trial court to vacate an award if "the arbitrators were guilty of misconduct in * * * refusing to hear evidence pertinent and material to the controversy * * * by which the rights of any party have been prejudiced."
 {¶ 22} It is well-settled that the jurisdiction of courts in the area of arbitration is limited. Findlay City School Dist.Bd. of Edn. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129. Indeed, judicial intervention statutorily is restricted by R.C.2711.09, R.C. 2711.10 and R.C. 2711.11, which permit the court to interfere only on certain enumerated grounds. Thus, with regard to the grounds for vacating an arbitration award, this court has cautioned that judicial review of the matter must be "very narrow." Cuyahoga Community College v. Dist. 925, Serv. Emp.Internatl. Union AFL-CIO (1988), 42 Ohio App.3d 166, 170.
 {¶ 23} Furthermore, the Ohio Supreme Court has held that in determining judicial authority in matters of arbitration awards, "every reasonable intendment will be indulged to give effect * * * to favor the regularity and integrity of the arbitrator's acts." Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty.TMR Edn. Assn. (1986), 22 Ohio St.3d 80 at 83-84. A court may grant relief from an adverse arbitration award only when the arbitrators "committed gross procedural improprieties."Cleveland v. Assn. of Cleveland Firefighters (1984),20 Ohio App.3d 249, 253. No such impropriety occurred in this case.
 {¶ 24} A review of the record reveals that upon the conclusion of appellants' case-in-chief before the arbitration panel, appellees moved for a dismissal of their claim of "market research fraud."
 {¶ 25} In opposition to the motion, appellants' counsel argued that Mr. Schiffman "went to Merrill Lynch because * * * he needed professional advice, and what he got was advice that was based on * * * [what his expert witness] characterized as nothing more than a hope * * * that the stocks that were being recommended and the stocks that he held and the recommendations from Merrill Lynch would continue to justify the rating of a long-term buy, and they didn't."
 {¶ 26} Appellants' counsel continued that his expert unequivocally testified that Merrill Lynch's research reports "for those three stocks in particular" were misleading and unfounded, therefore, "a dismissal is wholly inappropriate * * *," because the evidence showed "Merrill Lynch and their (sic) research department positioned themselves as being exactly what Mr. Schiffman was looking for, professional advisors, not just somebody giving advertisement for a company * * * and they unquestionably violated their professional duties in this case.
 {¶ 27} "I think there is more than sufficient evidence for this Panel to conclude * * * that Merrill Lynch's motion be denied in its entirety."
 {¶ 28} The foregoing remarks can lead only to the conclusion that appellants believed they were entitled from the evidencepresented to prevail on their claims. Cf., Bordonaro v.Merrill, Lynch, Pierce, Fenner Smith, 156 Ohio App.3d 358,2004-Ohio-741. Appellants cannot now assert that a procedural "impropriety" prevented them from having a full and fair hearing. Cf., Busch v. Wilcox (Apr. 11, 1991), Delaware App. No. 90-CA-29. Indeed, at the conclusion of argument, the panel denied appellees' motion to dismiss and permitted them to present evidence in defense of all of appellants' claims.
 {¶ 29} Based upon the record, moreover, the arbitrators cannot be deemed to be "guilty of misconduct" in refusing to allow appellants to present evidence about research analysis reports which Mr. Schiffman himself admitted he never actually either saw or heard and which, in any event, only reinforced his determination to retain holding the stocks he already had purchased. See, e.g., Mericka Co. v. Cowen Co. (Dec. 18, 1980), Cuyahoga App. No. 41935.
 {¶ 30} Appellants failed to demonstrate any basis upon which to vacate the arbitration award in this case. Accordingly, their assignment of error is overruled.
 {¶ 31} The trial court's order is affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and Gallagher, J. Concur.