DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that denied appellant's motion for a change of custody of his two children. For the following reasons, the judgment of the trial court is reversed and this matter is remanded for a new hearing on appellant's motion.
 {¶ 2} In August 2003, appellant's mother filed a pro se complaint for custody of his two sons, who had been living with her since January of that year at the request of *Page 2 
their mother. At the time the motion was filed, appellant was in prison. Following mediation in 2004, grandmother and mother agreed that grandmother would be named legal custodian of the children. In September 2005, after he was released from prison, appellant filed a motion for change of custody of his sons and a guardian ad litem was appointed for the children. In her report filed in April 2006, the guardian recommended that the children remain with their grandmother. In September 2006, the motion was heard by a magistrate, who found that appellant had not shown a change of circumstances. Appellant filed an objection and on November 7, 2006, the trial court denied the objection and approved the magistrate's decision.
 {¶ 3} Appellant filed a timely notice of appeal. In a motion filed on September 14, 2007, appellant's counsel stated that she had attempted numerous times to obtain a transcript of the September 2006 hearing, and that it appeared that a recording did not exist. On October 31, 2007, appellate counsel filed a motion for an extension of time in order to supplement the record with a statement of evidence pursuant to App.R. 9(C). A brief statement of evidence in the form of appellant's affidavit was filed with this court on November 13, 2007.
 {¶ 4} Appellant sets forth two assignments of error:
 {¶ 5} "Assignment of Error No. 1: Appellant was unfairly prejudiced by the lack of transcript for the hearing on his Motion to Modify the Allocation of Parental Rights because without the transcript he could not properly object to the Magistrate's findings and formulate an appeal. *Page 3 
 {¶ 6} "Assignment of Error No. 2: The trial court abused its discretion in denying Mr. [B.]'s Motion to Modify the Allocation of parental rights in finding there was no change of circumstances when Mr. [B.] was incarcerated when custody was originally awarded to the children's grandmother and was out of custody when he filed his motion."
 {¶ 7} In support of his first assignment of error, appellant asserts that although he filed a statement of evidence, he was severely prejudiced in attempting to do so because, as a layman, he had little grasp of the proceedings in the trial court.
 {¶ 8} Juv.R. 37(A) provides:
 {¶ 9} "Record of proceedings. The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. * * * The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device."
 {¶ 10} Further, App.R. 9(C) provides in part:
 {¶ 11} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. * * * The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval.* * *" *Page 4 
 {¶ 12} It appears from the information before us that appellate counsel tried but was unable to obtain a transcript of the September 2006 hearing on appellant's motion. There is no explanation for the unavailability of any record of the proceedings. Before his brief was filed with this court, appellant provided counsel with a statement of evidence pursuant to App.R. 9(C). Upon review, we see that appellant's statement is essentially inadequate for use by this court in reviewing the trial court's proceedings. Further, we are unwilling to simply presume the validity of the juvenile court's proceedings in the absence of either a transcript or an adequate statement of evidence. Juv.R. 37 clearly places primary responsibility upon the juvenile court to record proceedings in cases such as appellant's. In this case, not only is there no transcript, the App.R. 9(C) statement provided us is insufficient.
 {¶ 13} In considering the issue of the application of Juv.R. 37(A) and App.R. 9(C), as we are in this appeal, the Supreme Court of Ohio held:
 {¶ 14} "* * * [W]hen a juvenile court fails to comply with the recording requirements of Juv.R. 37(A) and an appellant attempts but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be remanded to the juvenile court for a rehearing." In re B.E. et al, 102 Ohio St.3d 388, 2004-Ohio-3361, ¶ 16.
 {¶ 15} Based on the foregoing, we find that appellant's first assignment of error is well-taken. Further, in light of our finding as to this assignment of error, appellant's Assignment of Error No. 2 is rendered moot. *Page 5 
 {¶ 16} On consideration whereof, this court finds that the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded to the trial court for a rehearing on appellant's motion for a change of custody. Costs of this appeal normally assessed to one of the parties pursuant to App.R. 24 are hereby waived.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1