JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} The City of Warrensville Heights appeals from the judgment of the trial court that granted the union's motion to confirm the award rendered following its conciliation hearing with the Ohio Patrolmen's Benevolent Association ("OPBA" or the "Union"), and denied the city's motion to vacate the award. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} The record indicates that on December 31, 2004, the Collective Bargaining Agreement between the city and the OPBA expired. The parties proceeded to factfinding on November 16, 2005. The factfinding hearing addressed nine issues, including wages. The city proposed no increase for 2005, a 4% wage increase for 2006, and a 4% wage increase for 2007. The OPBA proposed wage increases of 3.25% for 2005, 4.25% for 2006, and 4.5% for 2007. The fact finder recommended increases of 3% for 2005 and 4% increases for both 2006 and 2007. Following a vote, the union rejected the report of the fact finder and the matter proceeded to conciliation on January 31, 2006 pursuant to R.C. 4117.14.
 {¶ 3} In a report dated March 2, 2006, the conciliator cited to the factors set forth in R.C. 4117.14 and awarded the union a wage increase of 8% for 2006, a 4% increase for 2007 and a lump sum payment in the amount of 4% of the employees' gross wages for the year 2005. *Page 4 
 {¶ 4} On April 12, 2006, the city filed an Application and Motion to Vacate Arbitration Award pursuant to R.C. 2711.10. Within this motion, the city maintained that the conciliator erred because the state average increase for the years 2005-2007 was only 9%, the average increase for other Cleveland Suburbs is less than 10%, and the city was financially unable to pay the award and was barred from doing so by R.C. 5705.39 as it would result in an appropriation which exceeded the total of the estimated revenue available for expenditure. The city additionally complained that the conciliator erroneously included non-wage criteria in making a wage comparison and that he compared Warrensville Heights to cities with higher median incomes including Beachwood, Highland Heights, Lyndhurst, Mayfield Heights, Pepper Pike, and Solon.
 {¶ 5} In its Response/Answer, the union asserted as a defense that the city had failed to file a transcript of the conciliation hearing. Later, the union filed a motion for summary judgment in which it asserted that the city's failure to provide a verbatim transcript of the conciliation required the trial court to presume regularity and confirm the arbitration award. The trial court scheduled a hearing in the matter and on September 5, 2006, the union filed a motion to exclude testimony, physical evidence, and documents from the hearing, and argued that the court could consider only the collective bargaining agreement and the conciliation decision since a verbatim transcript was not provided. *Page 5 
 {¶ 6} On September 7, 2006, the city subpoenaed the State Employees Relations Board and Conciliator Gardner to provide the transcript of the hearing and all evidence and exhibits used in that proceeding.
 {¶ 7} The trial court held oral argument in the matter on December 21, 2006. The parties conceded that the conciliation hearing was an evidentiary hearing with witnesses and that there was no written record. The city maintained that the record which it filed did not contain a transcript because the conciliator did not make one, despite the mandatory duty to do so pursuant to R.C. 4117.14(G)(6) and therefore imperfectly executed his powers. Counsel for the union asserted that the parties did not request a court reporter and did not request a verbatim transcript of the proceedings. Counsel for the city asked the court to consider testimony from Rhonda Ferguson, the attorney who handled the conciliation who would testify that the issue of a transcript was not raised.
 {¶ 8} In a written decision dated January 9, 2007, the trial court noted that it was unclear whether the conciliator offered to make a written record and the parties waived it, whether a party requested such a record and the conciliator refused to provide it, or whether the conciliator provided for a record which was not conveyed to the Court. The court then presumed regularity, noting that under R.C. Chapter 2711, an appealing party must provide the administrative record. The trial court granted the union's motion to confirm the conciliator's decision. *Page 6 
 {¶ 9} On February 2, 2007, the city filed a motion for relief from judgment. In support of this motion, attorney Rhonda Ferguson averred that "At no point in time during the conciliation did the Conciliator ask either party whether it wanted a court reporter or other method of transcribing the proceedings." The trial court denied the motion for relief from judgment and on February 7, 2007, the city filed its notice of appeal and now assigns four errors for our review.
 {¶ 10} For its first assignment of error, the city asserts the following:
 {¶ 11} "The trial court erred as a matter of law by failing to find that the conciliator imperfectly executed his powers in failing to provide for a transcript of the proceedings."
 {¶ 12} Pursuant to 2711.10, a trial court may vacate an arbitration award where:
 {¶ 13} "(A) The award was procured by corruption, fraud, or undue means.
 {¶ 14} "(B) Evident partiality or corruption on the part of the arbitrators, or any of them.
 {¶ 15} "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. *Page 7 
 {¶ 16} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. * * *"
 {¶ 17} Under this statute, a trial court will grant relief from an arbitration award where, inter alia, the arbitrator committed a gross procedural impropriety described in R.C. 2711.10. See Schiffman v.Merrill, Lynch, Pierce, Fenner Smith, Inc., Cuyahoga App. No. 86723,2006-Ohio-2473, citing Cleveland v. Assn. of Cleveland Firefighters
(1984), 20 Ohio App.3d 249, 253, 485 N.E.2d 792; Huffman v.Valletto (1984), 15 Ohio App.3d 61, 63, 472 N.E.2d 740.
 {¶ 18} With regard to the procedures which apply when a matter goes to conciliation, R.C. 4117.14(G) provides in pertinent part as follows:
 {¶ 19} "(2) The conciliator shall hold a hearing within thirty days of the board's order to submit to a final offer settlement procedure, or as soon thereafter as is practicable.
 {¶ 20} "(3) The conciliator shall conduct the hearing pursuant to rules developed by the board. The conciliator shall establish the hearing time and place, but it shall be, where feasible, within the jurisdiction of the state. Not later than five calendar days before the hearing, each of the parties shall submit to the conciliator, to the opposing party, and to the board, a written report summarizing the unresolved issues, the party's final offer as to the issues, and the rationale for that position. *Page 8 
 {¶ 21} "(4) Upon the request by the conciliator, the board shall issue subpoenas for the hearing.
 {¶ 22} "(5) The conciliator may administer oaths.
 {¶ 23} "(6) The conciliator shall hear testimony from the parties and provide for a written record to be made of all statements at the hearing. The board shall submit for inclusion in the record and for consideration by the conciliator the written report and recommendation of the fact-finders.
 {¶ 24} "* * *
 {¶ 25} "(10) The conciliator shall make written findings of fact and promulgate a written opinion and order upon the issues presented to the conciliator, and upon the record made before the conciliator and shall mail or otherwise deliver a true copy thereof to the parties and the board. * * *"
 {¶ 26} Similarly, pursuant to O.A.C. 4117-9-06,
 {¶ 27} "(F) The conciliator shall make provisions allowing for a written record of the proceeding.
 {¶ 28} "* * *
 {¶ 29} "(I) The conciliator shall make written findings of fact and promulgate a written opinion and order upon the issues presented." (Emphasis added).
 {¶ 30} In Rocky River v. State Employment Relations Bd. (November 20, 1986), Cuyahoga App. No. 51299, this Court considered whether R.C.4117.14 *Page 9 
unconstitutionally delegates legislative authority over salary issues to the state board's conciliator, an individual selected by the executive branch. This court stated:
 {¶ 31} "The legislature must `place boundaries on delegated discretion so that the use of such discretion [does] not involve policy decisions.' Id. at 258-260. A statute delegates legislative power, rather than authorizing administrative action, when it permits the agency to enact a law rather than execute an existing law. Peachtree Development Co. v.Paul (1981), 67 Ohio St. 2d 345, 350. Where it dictates less specific policies which permit more flexible discretion, it must establish procedures to confirm that the agency's discretion conforms to those policies.
 {¶ 32} "The [Supreme Court has stated]:
 {¶ 33} `"A statute does not unconstitutionally delegate legislative power if it establishes, through legislative policy and such standards as are practical, an intelligible principle to which an administrative officer or body must conform and further establishes a procedure whereby exercise of the discretion can be reviewed effectively.'
 {¶ 34} "The scope of review required for administrative decisions depends on the breadth of the agency's discretion. When the agency has very limited policy choices, little or no review is necessary to satisfy the constitutional prohibition against delegating legislative power. When the agency has somewhat broader policy choices, more extensive review must be available to satisfy that restriction. *Page 10 
Where the agency has undefined or unlimited discretion on policy matters, no review will suffice to protect the statute against constitutional challenge. * * *
 {¶ 35} "The scope of review for arbitration decisions is more limited than for court decisions or some other administrative actions.However, it adequately regulates the conciliator's limited discretionand precludes an unconstitutional delegation of legislative orpolicy-making power, particularly when the arbitrator must record theproceedings and provide written findings to justify the order. Indeed, this court previously ruled that binding arbitration for municipal employee wage disputes did not delegate legislative power because such review is available. * * *" (Emphasis added.)
 {¶ 36} Id., aff'd by Rocky River v. State Employment RelationsBd. (1989), 43 Ohio St.3d 1, 539 N.E.2d 103.
 {¶ 37} It is therefore clear that the statutory and administrative procedures outlined above are both mandatory and required for judicial review. The union argues that the city waived the requirement of a written transcript. Waiver cannot be presumed from a silent record, cf.City of Cleveland v. Ali, Cuyahoga App. No. 88604, 2007-Ohio-3902, and in this matter the administrative record is silent on this issue. The affidavit of Rhonda Ferguson is also inconsistent with waiver.
 {¶ 38} The union also argues that the city "did not seek in the trial court to compel the Conciliator to bring forth such transcript; did not in the trial court complain that the Conciliator failed or refused to create or provide such transcript of *Page 11 
proceedings and never requested the trial court for leave to produce witnesses to any such failure of the Conciliator." These claims lack support in the record, however.
 {¶ 39} Alternatively, the union urges us to apply the presumption of regularity herein. We note, in general, that the presumption of regularity will not apply and the matter must be reheard where the transcript is mandated by law and the appellant attempts but is unable to submit a reconstructed record. See Cuyahoga County Dep't of Children Family Servs. v. Evans (2004), 102 Ohio St.3d 388, 2004-Ohio-3361,811 N.E.2d 76.
 {¶ 40} The presumption of regularity has been applied in the context of a conciliation report where the conciliator expressly found that the parties consented to procedural matters and waived the making of a record. See Jefferson County Sheriff v. Ohio Patrolmen's BenevolentAss'n, Jefferson App. No. 05 JE 36, 2006-Ohio-1055
 {¶ 41} It has also been applied where the party seeking a vacation of the award filed only filed a part of the record that was presented to the conciliator. See Fraternal Order of Police, Queen City Lodge No. 69v. Cincinnati, 168 Ohio App.3d 537, 2006-Ohio-4598, 860 N.E.2d 1073
("Because the record was not complete, the trial court was required to presume the regularity[.]"). See, also, Marra Constructors, Inc. v.Cleveland Metroparks System (1993), 82 Ohio App.3d 557, 562,612 N.E.2d 806 (presumption of regularity applied where the parties failed to provide the *Page 12 
common pleas court with a transcript of the testimony, and also failed to provide documents or other discovery materials considered by the arbitrator.)
 {¶ 42} The presumption of regularity has been applied on review of an arbitration award where the court noted that its review of this matter was limited by the fact that the parties agreed that "* * * The proceedings may be tape recorded by the Arbitrator, solely for the Arbitrator's review and reference. In no event will the tape be available to the parties for appeal or for any other purpose." As a result of such agreement, no transcript was presented to the trial court. See Nester v. Nester (May 23, 1995), Franklin App. Nos. 94APF09-1359, 94APF09-1360.
 {¶ 43} The presumption of regularity has also been applied where the parties did not provide a transcript but "neither party raised the issueof the lack of transcript." (Emphasis added.) See Niles Board ofEducation v. Niles Classroom Teachers Assoc. (Dec. 12, 1997), Trumbull App. No. 96-T-5586. Our review of the issue indicates that the presumption has been applied only where the transcript is not supplied; not where there is no transcript or other written record of the evidence.
 {¶ 44} The union correctly notes that the presumption of regularity has also been applied where the appellant failed to provide a transcript, in Advanced Tech. Incubator, Inc. v. Manning, Portage App. No. 2001-P-0154, 2003-Ohio-2537; Chester Twp. v. Fraternal Order ofPolice (1995), 102 Ohio App.3d 404, 408, 657 N.E.2d 348; McDonald LocalSch. Dist. v. Dull (Aug. 20, 1999), Trumbull App. No. *Page 13 
98-T-0078; Cincinnati v. Queen City Lodge No. 69, FOP (January 29, 1999), Hamilton App. No. C-980031. These cases do not present the factual scenario of the arbitrator's failure to prepare a transcript, however.
 {¶ 45} By application of all of the foregoing we conclude that the presumption of regularity cannot be applied herein because no written record was created despite the conciliator's obligations to do so pursuant to R.C. 4117.14(G)(6) and O.A.C. 4117-9-06.
 {¶ 46} In determining whether the conciliator's failure to create a written record of all statements at the hearing as required by law constitutes a procedural impropriety which may justify the vacation of the award pursuant to R.C. 2711.10, the union maintains that the lack of a verbatim transcript is not prejudicial as the case remains reviewable and the high standard for reversal was not met herein. In this connection, we note that Cleveland Constr. Interiors, Inc. v. RuhlinCo. (Apr. 5, 1991), Lake App. No. 90-L-14-060, the court stated that, "the failure to provide a transcript cannot be waived, and that it would be plain error for the common pleas court to base its decision upon any recitation of the facts by the parties which are not in conformance with App.R. 9." Accord Shawnee Local Sch. Dist. Bd. of Educ. v. Shawnee Educ.Ass'n (July 23, 1997), Allen App. No. 1-97-06 (the record on appeal as provided in App.R. 9 is applicable in an appeal to the common pleas court from an arbitration award); McDonald Local Sch. Dist. v. Dull
(Aug.20, 1999), Trumbull App. No. 98-T-0078. Thus, where a transcript is unavailable, the parties may follow *Page 14 
the procedures outlined in App.R. 9(C). See McGee v. Oak Tree RealtyCo. (June 7, 1990), Cuyahoga App. No. 58553; Wilson v. V.F.O.Contractors (Sept. 9, 1988), Trumbull App. No. 3964.
 {¶ 47} In accordance with all of the foregoing, we hold that the parties are permitted to implement the procedures set forth in App.R. 9(C) to attempt to reconstruct the record herein which is essential to proper judicial review. In the event that the "appellant attempts but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be remanded * * * for a rehearing." SeeCuyahoga County Dep't of Children Family Servs. v. Evans, supra.
 {¶ 48} The assignment of error is well-taken. We therefore conclude that the trial court erred in presuming regularity in the absence of a written record of all statements and in granting the union's motion to confirm the conciliator's award.
 {¶ 49} Reversed and remanded.
 {¶ 50} We find that our discussion of the first assignment of error is dispositive of the entire appeal, rendering appellants' remaining assignments of error[1] moot.
It is ordered that appellant recover from appellee costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 15 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR.
 APPENDIX
The second assignment of error states:
"Alternatively, the trial court erred as a matter of law by not finding that the city filed a complete record or enough evidence of one to allow the trial court to vacate the conciliator's decision."
The third assignment of error states:
"Alternatively, the trial court erred as a matter of law by not finding that the city filed a complete record or enough evidence of one to allow the trial court to vacate the conciliator's decision."
The fourth assignment of error states:
"Alternatively, the trial court erred as a matter of law by failing to hold that the conciliator imperfectly executed his powers under R.C. 2711.10(D)."
[1] See Appendix. *Page 1