[Cite as *Wayne Cty. Sheriff v. Ohio Patrolmen's Benevolent Assn.*, 2011-Ohio-2707.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF WAYNE | ) | | |

WAYNE COUNTY SHERIFF

      Appellant

      v.

OHIO PATROLMEN'S BENEVOLENT
ASSOCIATION

      Appellee

C.A. No.      10CA0036

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     10-CV-0043

DECISION AND JOURNAL ENTRY

Dated: June 6, 2011

---

BELFANCE, Presiding Judge.

{¶1} Appellant, the Wayne County Sheriff, appeals the judgment of the Wayne County Court of Common Pleas that denied an application to vacate or modify a statutory conciliation award and confirmed the award. Because the written record from the conciliation hearing was not before the trial court, this Court reverses and remands.

I.

{¶2} The Ohio Patrolmen's Benevolent Association ("OPBA") is the exclusive representative of the Sheriff's Lieutenants, Sergeants, and Deputy Sheriffs for purposes of collective bargaining under R.C. Chapter 4117. The parties' most recent collective bargaining agreements expired on August 31, 2008, and by agreement, they began negotiating the terms of successor contracts in early 2009. When they reached impasse, they submitted the disputed issues to a fact finder under R.C. 4117.14(C). Three issues related to compensation ultimately remained unresolved after fact finding: wages, longevity pay, and the wage differential between

sergeants and deputy sheriffs. These issues were submitted for conciliation, as required of law enforcement by the version of R.C. 4117.14(D)(1) in effect at the time. The conciliator's award adopted the fact finder's recommendation on each issue, as advocated by OPBA, thereby awarding a 3.5% wage increase in each year of the contract for each bargaining unit, an increase in longevity pay for each bargaining unit, and a .5% increase in the wage differential between deputy sheriffs and sergeants.

{¶3}    The Sheriff filed an application in the Wayne County Court of Common Pleas to vacate or modify the award, and OPBA filed an application to confirm the award. The matter was submitted to the trial court on the parties' briefs and the exhibits that were submitted to the conciliator. Although the Sheriff moved the trial court to order the preparation of the written record of the conciliation, the trial court did not rule on that motion. On June 29, 2010, the trial court denied the Sheriff's application and confirmed the conciliator's award. The Sheriff appealed, assigning four errors for review. The Sheriff's fourth assignment of error is dispositive, however, so our analysis begins there.

II.

**Assignment of Error IV**

"The Court of Common Pleas erred as a matter of law when it failed to rule on a pending Motion prior to issuing a final decision."

{¶4}    The Sheriff's fourth assignment of error is that the trial court erred by failing to order the preparation and filing of a written record of the conciliation proceedings. By not ruling on the Sheriff's motion regarding preparation of the record, the trial court is presumed to have denied it. See, generally, *Ward v. Summa Health Sys.*, 184 Ohio App.3d 254, 2009-Ohio-4859, at ¶21, quoting *George Ford Constr., Inc. v. Hissong*, 9th Dist. No. 22756, 2006-Ohio-919, at ¶12.

{¶5}    R.C. 4117.14(D) provides that if fact finding does not resolve a bargaining impasse between a public employee union and a public employer of law enforcement officers, the disputed matters must be submitted to conciliation.   On an issue-by-issue basis, the conciliator must select between the final settlement offers proposed by the union and the public employer, with consideration for the factors set forth in R.C. 4117.14(G)(7).   In so doing, the conciliator must "hear testimony from the parties and provide for a written record to be made of all statements at the hearing."   R.C. 4117.14(G)(6).   Once the conciliator has heard the matter, "[t]he issuance of a final offer settlement award constitutes a binding mandate to the public employer and the exclusive representative to take whatever actions are necessary to implement the award."   R.C. 4117.14(I).

{¶6}    Awards resulting from conciliation are, however, subject to review by the courts of common pleas under R.C. Chapter 2711.   See R.C. 4117.14(H). Accordingly, either a union or a public employer may challenge a conciliator's award by filing an application to modify or vacate the award in the court of common pleas.   Although applications to vacate or modify a conciliation award proceed as do other cases under R.C. Chapter 2711, they do so with a significant difference: the parties to conciliation have not agreed to the procedure.   It exists and is binding upon them by virtue of R.C. 4117.14 and their status as public employers and public employee unions.   The provision for judicial review of what would otherwise be, in effect, final and binding arbitration is significant.

{¶7}    In *Rocky River v. State Empl. Relations Bd.* (1989), 43 Ohio St.3d 1, the Ohio Supreme Court considered constitutional challenges to the Ohio Public Employees' Collective Bargaining Act.   The Court noted that R.C. 4117.14 "provides the conciliator with detailed guidelines under which to proceed," and "the decision of the conciliator is expressly made

subject to judicial review under R.C. Chapter 2711." The Court, therefore, concluded that R.C. 4117.14 is not unconstitutional. *Rocky River* at 11-12.

{¶8} In *Warrensville Hts. v. Ohio Patrolmen's Benevolent Ass'n.*, 8th Dist. No. 89406, 2008-Ohio-2179, the Eighth District Court of Appeals explained that the requirement of a written record of the conciliation proceedings is a vital part of meaningful judicial review under R.C. 4117.14(H). In that case, the City of Warrensville Heights moved to vacate a conciliation award regarding wage increases for police officers. *Warrensville Hts.* at ¶4. The union argued that the city was required to file a written record of the conciliation proceedings and that, in its absence, the trial court was required to presume regularity and confirm the conciliator's award. Id. at ¶5. The trial court agreed and entered judgment confirming the award, noting that "it was unclear whether the conciliator offered to make a written record and the parties waived it, whether a party requested such a record and the conciliator refused to provide it, or whether the conciliator provided for a record which was not conveyed to the Court." Id. at ¶8. When the trial court denied the City's motion for relief from judgment, the City appealed.

{¶9} The Court of Appeals concluded that the requirement that a written record of the conciliation be created is "essential to proper judicial review" and held that the trial court's presumption of regularity in the conciliation proceedings was inappropriate. Id. at ¶¶ 47-48. Reversing the trial court's decision on that basis, the Court of Appeals held that "the parties are permitted to implement the procedures set forth in App.R. 9(C) to attempt to reconstruct the record herein which is essential to proper judicial review [and] [i]n the event that the 'appellant attempts but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be remanded * * * for a rehearing.'" Id. at ¶47, quoting *Cuyahoga County Dep't of Children & Family Servs. v. Evans* (2004), 102 Ohio St.3d 388, 2004-Ohio-3361.

{¶10} Although both *Rocky River* and *Warrensville Heights* dealt with municipal law enforcement in the context of R.C. 4117.14, a written record is no less necessary when the law enforcement agency at issue operates at the county level. Safety forces at each level of government in Ohio are subject to the conciliation procedure of R.C. 4117.14 in lieu of the ability to strike. See *Jefferson Cty. Sheriff v. Ohio Patrolmen's Benevolent Assn.*, 7th Dist. No. 05 JE 36, 2006-Ohio-1055, at ¶28. The necessity of a written record is emphasized by the fact that effective judicial review requires the trial court to examine whether arguments were raised or objections made before the conciliator in the first place. See, e.g., id. at ¶30-33 (noting that although the Sheriff waived the requirement of a written record, his ability to argue that the conciliator exceeded the scope of his powers was limited by the arguments made before the conciliator.). This is the situation that is present in this case. The parties' written prehearing statements to the conciliator and the documents admitted as exhibits were in the record before the trial court, but the conciliator's written record was not. They did not waive the creation of the written record, and the Sheriff moved the trial court to order its preparation. Nonetheless, the written record was not included in the record before the court of common pleas.

{¶11} The lack of a written record in this case precluded effective judicial review. The Sheriff's argument before the court of common pleas and in this court, for example, related to the respective roles of the employer and the legislative authority for purposes of R.C. 4117.14. Specifically, the question is whether a conciliator's consideration of "the ability of the public employer to finance and administer the issues proposed" under R.C. 4117.14(G)(7)(c) relates to the Sheriff's ability to fund the proposed final settlement offer of the union given the budget constraints imposed upon him by the Board of County Commissioners or the ability of the Board of County Commissioners, as the appropriating body for the County's general fund, to allocate

resources necessary to fund the union's proposal. Both in the court of common pleas and in this court, the OPBA's position has been that the Sheriff's argument lacks merit, in part because, according to the OPBA, it was the Board of County Commissioners who presented evidence to the conciliator and it was representatives of the Board of County Commissioners who testified at the hearing not about the Sheriff's budget specifically, but about the County's financial position as a whole. For example, the OPBA represented to the trial court that "the entire presentation at the Conciliation Hearing, presented[] by other County officials, on behalf of the Sheriff concerning the 'ability to pay,' was directly tied to the County General Fund and, in fact, never even mentioned the Sheriff's budget."

{¶12} The conciliator's "written record * * * of all statements at the hearing" required by R.C. 4117.14(G)(6) is necessary to effectively review, at a minimum, whether the Sheriff's position at this stage in the proceedings is consistent with the position taken before the conciliator and whether testimony was given related to the Sheriff's ability to pay or the County's ability to pay. Without the written record, we are left with conjecture.

{¶13} In this case, it was error for the court of common pleas to enter judgment confirming the conciliation award and denying the Sheriff's application to vacate the award without the benefit of the written record, having denied the Sheriff's motion for preparation of the record by its silence. We are mindful that the context of this appeal is key, bearing in mind that effective judicial review of a conciliation award is one of the safeguards built into the conciliation process required by R.C. 4117.14. The Sheriff's fourth assignment of error is, therefore, sustained.

III.

**{¶14}** The Sheriff's fourth assignment of error is sustained. The remaining assignments of error are moot. See App.R. 12(D). The judgment of the Wayne County Court of Common Pleas that confirmed the conciliation award and denied the Sheriff's petition to vacate or modify the award is reversed. This matter is remanded for further proceedings in the court of common pleas in light of this opinion.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

EUGENE P. NEVADA, Attorney at Law, for Appellant.

JOSEPH M. HEGEDUS, Attorney at Law, for Appellee.