[Cite as *In re A.R.R.*, 2014-Ohio-3367.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| A.R.R., DELINQUENT CHILD | | |
| | : | |
| | : | **CASE NO. 2013-L-054** |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2012 DL 00914.

Judgment: Reversed and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Appellee).

*Timothy Young*, Ohio Public Defender, and *Charlyn Bohland*, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215-9308 (For Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Lake County Court of Common Pleas, Juvenile Division. Appellant A.R.R. was found delinquent of four counts of rape in violation of R.C. 2907.02(A)(1)(b), all first degree felonies if committed by an adult. On appeal, A.R.R. claims the trial court failed to record the competency hearing of the eight year-old victim, and therefore the judgment must be reversed and remanded. The state agrees. For the following reasons, we reverse and remand.

{¶2} On May 30, 2012, a Lake County Juvenile Court complaint alleged A.R.R. to be a delinquent child for committing four counts of rape and one count of gross

sexual imposition. The state later amended the complaint to add an additional count of rape. Seeking the testimony of the victim, who was under the age of 10, the state moved to determine her competency in accordance with R.C. 2317.01. The interview was conducted in chambers with counsel present. The parties agree that this interview was not recorded.

{¶3} The trial court found A.R.R. delinquent of four counts of rape. A.R.R. was ordered to serve 90 days in a detention center for each offense, to be served consecutively, and a suspended commitment of one year in the Ohio Department of Youth Services for each offense, to be served consecutively.

{¶4} As his first assignment of error, A.R.R. claims:

{¶5} "The juvenile court committed reversible error when it failed to properly record its proceedings, in violation of Juv.R. 37(A); the Fourteenth Amendment to the United States Constitution; and, Article I, Section 10 and 16, Ohio Constitution."

{¶6} Juv.R. 37(A) states that "[t]he juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates." However, when a recording is not made, an appellant must attempt to remedy the Juv.R. 37(A) failure by submitting an App.R. 9(C) statement. Failure to do so will result in the issue being waived. *State v. Keenan*, 81 Ohio St.3d 133, 139 (1998). "[W]hen a juvenile court fails to comply with the recording requirements of Juv.R. 37(A) and an appellant attempts but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be [reversed and] remanded to the juvenile court for a rehearing." *In re B.E.*, 102 Ohio St.3d 388, 2004-Ohio-3361, ¶16.

{¶7} Juv.R. 37(A) requires the recording of delinquency cases in their entirety which, in this case, includes competency hearings. In *McGuire v. George*, 4th Dist.

2

Gallia No. 90 CA 23, 1991 Ohio App. LEXIS 3234, at *15 (July 3, 1991), the court was faced with the identical issue of whether the failure to record a competency hearing violated Juv.R. 37(A). Although the court ultimately decided appellant waived the matter by not submitting an App.R. 9(C) statement, this suggests that absent waiver, the court would have reversed the case. Similarly, the Twelfth District found a trial court violated Juv.R. 37(A) by failing to record an in-camera interview with a child in a dependency case. *In re J.M.*, 12th Dist. Clermont No. CA2006-11-096, 2007-Ohio-4219, ¶40. Although the Twelfth District ultimately concluded the trial court cured the error by holding a subsequently recorded hearing, the decision implies that absent the second hearing, reversible error was present. *Id.* ¶40-41.

{¶8} In our case, the trial court conducted an unrecorded in-chambers interview with the victim in the presence of counsel. Therefore, the trial court failed to comply with Juv.R. 37(A). A.R.R. attempted to remedy the situation by submitting affidavits from those present to reconstruct the hearing. However, no one could recall what happened at the hearing with sufficient particularity to provide an adequate record for meaningful appellate review.

{¶9} The first assignment of error has merit. In light of the resolution of the first assignment of error, the remaining assignments of error are moot. App.R. 12. The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

3